## NATIONAL PAPER & TYPE COMPANY *v.* BOWERS, COLLECTOR OF INTERNAL REVENUE FOR THE SECOND DISTRICT OF NEW YORK.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 320. Argued November 24, 1924.—Decided December 15, 1924.

1. Congress may exempt foreign and not exempt domestic corporations from taxation of their net income derived from sale abroad of personal property purchased by them in this country. P. 375.
2. To impose such a tax on domestic corporations while exempting foreign corporations, is not to violate rights of the former under the Fifth Amendment. *Id.*
3. A tax on net income from exports is consistent with Art. I, § 9, par. 5 of the Constitution. *Peck & Co.* v. *Lowe,* 247 U. S. 165. *Id.*
Affirmed.

ERROR to a judgment of the District Court dismissing the complaint in an action to recover money paid under protest as an income tax.

*Mr. P. J. McCumber,* with whom *Mr. Franklin Grady* and *Mr. Homer Sullivan* were on the briefs, for plaintiff in error.

*Mr. Solicitor General Beck,* with whom *Mr. Nelson T. Hartson* and *Mr. Robert P. Reeder* were on the brief, for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the Court.

The case, displayed by the amended complaint, omitting verbal circumlocutions, is as follows: Plaintiff (plaintiff in error here) is, and was at all of the times mentioned, a corporation organized and existing under the laws of New Jersey. It is engaged in New York in the business of exporting, which is defined to be the purchase of personal property within the United States and the

sale thereof without the United States, and has under the Revenue Act of 1921 been required to pay an income tax on its net income, part of which is derived from such foreign business.

At the same time and times, there were foreign corporations engaged in like business of buying personal property within the United States and exporting and selling it without the United States. Under §§ 217 and 233 of the Revenue Act of 1921 these corporations were wholly exempted from payment of the tax on the net income or profits accruing or derived from such business.

On the 15th of March, 1922, the defendant (defendant in error here), being Collector of Internal Revenue and acting as such, in pursuance of §§ 230 and 205 of the Revenue Act of 1921, demanded of plaintiff the sum of $4,203.91, as due and payable from the plaintiff as one-fourth part of its income tax for the fiscal year ending March 31, 1921, that is, for the months of January, February and March, 1921, and threatened to enforce payment of that sum together with penalties and interest thereon provided for by the laws of Congress.

Plaintiff, on the 15th of March, 1922, solely to prevent distraint and sale of its property, and protesting that no tax was due, and that defendant was without authority to exact or collect the same or any part thereof, paid the tax.

On or about the 6th of December, 1922, plaintiff, in accordance with law, made a claim in writing to the Commissioner of Internal Revenue and demanded the repayment of the tax on the ground that it was illegally assessed; that more than six months had expired since the filing of the claim for refund as provided for by § 1318 of the Revenue Act, and that no part of the claim had been remitted or repaid to plaintiff, or to anyone, for its account. This action was then brought against the Collector.

Judgment was prayed for $3,999.08, the amount of the tax.

Motion was made by the District Attorney to dismiss the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The motion was granted on the authority of and upon the reasoning of *National Paper & Type Co.* v. *Edwards,* 292 Fed. 633. Judgment was formally entered dismissing the complaint upon the merits.

To review this action and judgment, this writ of error is directed. The difference in treatment of domestic and foreign corporations in respect to business of sales in foreign countries, it is contended, is a " hostile discrimination and confiscation of property."

To sustain the charge, plaintiff asserts that its business and that of foreign corporations are done under exactly the same circumstances and conditions and that the discrimination hence resulting offends the " due process of law " provision of the Fifth Amendment. Cases are cited and the deduction from them is declared to be that " Our whole system of law is predicated on the general, fundamental principle of equality of application of the law." [1]

Here the discrimination, if such it can be called, is in favor of foreign corporations in respect to taxation of earnings from business done in foreign countries. Clearly as to such business Congress may adopt a policy calculated to serve the best interests of this country in dealing with citizens or subjects of another country, and may properly say that, as to earnings from such business, the foreign subjects or citizens shall be left to the taxation of their own government or to that having jurisdiction of the sales. Even if we were to concede, as we cannot, that the Fifth Amendment in enjoining due process of law requires as part thereof equality of taxation, it cer-

---

[1] *Truax* v. *Corrigan,* 257 U. S. 312.

tainly could not be held to apply to a subject matter not within this country.

Regarding the purchase of articles of personal property within the United States and the mere fact of exportation therefrom, domestic and foreign corporations may be pronounced alike—may seem to be in the same relation to taxing legislation. But there is something else to consider, and its effect. There may be benefit in the inviting of foreign corporations into the United States—benefit in their investments and activities; and, as counsel for the Government points out, the domestic corporation gets the power of the United States to protect its interests and redress its wrongs in whatever part of the world its business may take it. And as the Government further points out, the foreign corporation must look to the country of its origin for protection against injury and redress of losses occurring in that and other foreign countries, and not to the United States. The Government, therefore, contends, and rightly contends, that domestic corporations are required to pay a tax on their incomes from all sources while foreign corporations are taxed only on their income from sources within the United States because, to repeat, only that income is earned under the protection of American laws.

And we understand a further contention to be that the discrimination is the fact that makes the tax on plaintiff a direct burden on and impediment to its business of exporting, " in violation of Paragraph 5 of Section 9 of Article I of the Constitution of the United States, which provides that ' no tax or duty shall be laid on articles exported from any State ' ". The alleged discrimination is said in some way to emphasize and increase the violation of that paragraph of the Constitution.

So far as the invocation of Paragraph 5 depends upon discrimination, what we have said disposes of it; if it be independent of discrimination and based upon the fact

of a tax upon exports, it is completely answered and disposed of adversely by *Peck & Co.* v. *Lowe,* 247 U. S. 165, and needs no further comment.

The difference in the legislation, we think, is constitutional and justified by the considerations which we have submitted.    The judgment is

*Affirmed.*