## BARCLAY & COMPANY, INCORPORATED *v.* EDWARDS, COLLECTOR OF INTERNAL REVENUE FOR THE SECOND DISTRICT OF NEW YORK.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 547. Argued November 24, 1924.—Decided Dec. 15, 1924.

1. The taxation by Congress of the income of domestic corporations derived from sale abroad of goods bought or made by them in this country is not a tax on exports; nor does it violate due process of law because a like tax is not imposed on the income similarly derived by foreign corporations. *National Paper Co.* v. *Bowers,* 266 U. S. 373. P. 447.

2. The exemption of foreign corporations is equally valid whether complete or only partial. Revenue Acts of 1918 and 1921 considered. P. 448.

3. The power of Congress in laying taxes is very wide; and the Fifth Amendment does not apply to discrimination between taxpayers based on a classification that is not arbitrary and capricious, but reasonable. P. 450.

ERROR to a judgment of the District Court dismissing an action to recover money paid under protest as a federal income tax. The case here (547) was first decided on December 15, 1924, upon authority of *National Paper & Type Co.* v. *Bowers,* No. 320, decided on the same day and reported in 266 U. S. 373. Due to a motion for rehearing, the opinion was withheld from publication. It is now printed, following the opinion overruling the motion.

*Mr. P. J. McCumber,* with whom *Mr. Franklin Grady* and *Mr. Homer Sullivan* were on the briefs, for plaintiff in error.

The assessment and collection of the alleged tax was not the exertion of the power of taxation but a confiscation

of property, in violation of the Fifth Amendment.   See
32 Op. A. G. 336; *Sulley* v. *Attorney General*, 5 H. & N.
711; *State ex rel. Manitowoc Gas Co.* v. *Wisconsin Tax
Comm.*, 161 Wis. 111; *St. Clair* v. *Cox*, 106 U. S. 350;
*Zambrino* v. *Galveston Ry.*, 38 Fed. 449; *De Beers* v.
*Howe*, 5 B. T. C. 198; *Goerz* v. *Bell*, 2 K. B. 136; Corpus
Juris, Vol. 14A, § 3945.   Congress recognizes that foreign
corporations transacting business within the United
States, are resident in the United States, by referring in
par. 1 of § 217 (a) of the Revenue Act of 1921 (42 Stat.
c. 136) to such foreign corporations as "resident foreign
corporations."

Treaty rights have been granted under which foreign
corporations carry on business in the United States.

Income from the business of manufacturing goods in
one jurisdiction and selling them in another is taxable at
the place of manufacture, *Underwood Typewriter Co.* v.
*Chamberlain*, 254 U. S. 113; *Shaffer* v. *Carter*, 252 U. S.
37.   The income of foreign corporations, from goods
manufactured by them within the United States and
exported and disposed of or sold in foreign countries, was
earned within the United States.

It is clearly established that discrimination in taxation
which is made to depend on nationality or allegiance,
is arbitrary, oppressive or capricious, and hence in vio-
lation of the "due process of law" provision of the
Fifth Amendment: See Cooley on Taxation, (3d & 4th
eds. p. 23); Cooley's Const. Limit's. pp. 707, 708 and
723; *Dent* v. *West Virginia*, 129 U. S. 114; *Am. Sugar
Ref. Co.* v. *Louisiana*, 179 U. S. 91; *Lappin* v. *District of
Columbia*, 22 App. D. C. 68; *Yick Wo* v. *Hopkins*, 118
U. S. 356; *Brushaber* v. *Union Pacific R. R. Co.*, 240
U. S. 1.   It is submitted that it would be impossible to
draft a law taxing income which would be more "want-
ing in basis for classification" or wherein any more
"gross and patent inequality" in taxation would result

than that which is complained of here. Compared with
the competing foreign corporations the occupation is the
same, the circumstances and conditions under which this
competition is carried on are identical; and hence it
would be impossible to discriminate against the plaintiff
in error in this case without basing the classification on
nationality or allegiance, or something equally arbitrary
and capricious, which is precisely what this Court has
said Congress cannot do without thereby taking property
contrary to due process of law. The fundamental prin-
ciple is equality in application of the law. *Truax* v. *Cor-
rigan,* 267 U. S. 334; *Hurtado* v. *People of California,*
110 U. S. 516; *Smyth* v. *Ames,* 169 U. S. 466; *Hayes* v.
*Missouri,* 120 U. S. 68.

The due process of law principle applies to income
taxes with respect to a situation like that of the plaintiff
in error. *Shaffer* v. *Carter,* 252 U. S. 37, 54, holds in
effect that the due process clause of the Fifth Amend-
ment restricts Congress to the condition that taxes on
income derived from the business of manufacturing for
export and exporting, in order to be valid, must be im-
posed equally on all persons under like circumstances and
conditions. That the tax discrimination against plaintiff
in error violates due process of law, see *Raymond* v. *Chic.
Union Tract. Co.* 207 U. S. 20; *Truax* v. *Raich* 239 U. S.
33. It cannot be seriously suggested that a discrimina-
tion which violates this clause when it is directed against
the alien does not violate the clause when directed against
the citizen. To so contend would be equivalent to assert-
ing that Congress has power to force American citizens
to expatriate themselves in order to " obtain support in
the ordinary fields of labor " or to protect their property
in the United States from injury or confiscation. See
*Slaughter House Cases,* 111 U. S. 746, 757; *Soon Hing* v.
*Crowley,* 113 U. S. 703, 709; *Heisler* v. *Thomas Colliery
Co.* 260 U. S. 245, 255; *Sou. Ry. Co.* v. *Greene,* 216 U. S.

400, 418; *Flint* v. *Stone Tracy Co.* 220 U. S. 142, 161; *Western Union Tel. Co.* v. *Frear*, 216 Fed. 199, 202.

*Peck* v. *Lowe*, 247 U. S. 165, declared that the status of the net income from exporting and selling abroad " is not different from that of the exported articles prior to the exportation ". It is evident that if such net income did not have this status, it would necessarily be related to the activities of exporting, and hence to tax it would be in violation of par. 5, of § 9 of Article I of the Constitution. That a tax on such net income, irrespective of whether the goods are sold within or without the State, is like a tax on property in the State, is held by this Court in *United States Glue Co.* v. *Oak Creek*, 247 U. S. 321, and in *Underwood Typewriter Co.* v. *Chamberlain*, *supra;* and is confirmed in *Shaffer* v. *Carter, supra.* Hence, if Congress is not restrained by the " due process of law " clause of the Fifth Amendment from making the discrimination in favor of foreign corporations which is here complained of Congress would not be restrained from making a discrimination exempting foreign corporations from the payment of customs duties on articles imported into the United States while imposing such duties on American corporations; or from making a discrimination exempting foreign corporations from the taxes paid by manufacturers, producers, and importers on domestic sales, while imposing such taxes on sales by American corporations; or from making a discrimination exempting foreign corporations in the business of insurance, or banking, or building, or any other business in the United States, from income or profits tax, or capital stock tax, or any other sort of tax which Congress can impose, while levying such tax upon American corporations engaged in like business.

The tax constituted a direct burden on and impediment to plaintiff in error's business of exporting, in violation of par. 5 of § 9 of Article I of the Constitution. *Peck* v.

*Lowe, supra.* .. See *Darnell & Son* v. *Memphis,* 208 U. S. 113; *Woodruff* v. *Parham,* 8 Wall. 123; *Brown* v. *Houston,* 114 U. S. 622; *United States Glue Co.* v. *Oak Creek, supra.* It is to be noted that the law under which the tax was assessed, known as the Revenue Act of 1918 (40 Stat. c. 18) provided in § 213 (c) that nonresident alien individuals should have the same exemption that was granted to foreign corporations by § 233 (b) of that act with respect to income derived from the business of exporting carried on in the United States. It is well known in commercial circles that there are many firms or partnerships engaged in the exporting business in the United States which are composed of alien individuals, of whom nearly all are nonresident aliens.

*Mr. Solicitor General Beck,* with whom *Mr. Nelson T. Hartson* and *Mr. Robert P. Reeder* were on the brief, for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

On December 15, 1924, Mr. Justice McKenna delivered the opinion of this Court in the case of the National Paper and Type Company against Frank K. Bowers, Collector, [266 U. S. 373] No. 320 of the present Term. That case was heard at the same time with this. They were suits to recover taxes which it was claimed had been illegally collected, for the reason that the statutes under which they had been exacted deprived the taxpayers of their property without due process of law. The statute attacked in No. 320 was the income tax of 1921, that in this case was the income tax of 1918.

The plaintiffs in the two cases were corporations of this country engaged in the business of the purchase and manufacture of personal property within the United States, and the sale thereof without the United

States. Their objection to the taxes, both of 1921 and of 1918, was that they were subjected to a tax on all of their net income, including profits made by them in the sale of their goods abroad, while foreign corporations, engaged in the same business of buying and manufacturing goods in this country and selling them abroad, were not taxed upon their whole net income but were exempted from a tax on all or a part of it.

Another objection to the tax was that the tax in both instances was a tax on exports. That was disposed of by this Court in opinion No. 320 by reference to the case of *Peck & Company* v. *Lowe,* 247 U. S. 165.

The Court further pointed out that, in respect to what was called discrimination in favor of foreign corporations, Congress might adopt a policy calculated to serve the best interests of this country in dealing with citizens or subjects of another country and might properly say, as to earnings from business begun in one country and ending in another, that the net income of foreign subjects or citizens should be left to the taxation of their own government or to that having jurisdiction of the sales; that the question of taxing foreign corporations on such income might properly be affected by the consideration that domestic corporations had the power of the United States to protect their interests and redress their wrongs in whatever part of the world their business might take them, while the foreign corporations must look to the country of their origin for protection against injury or redress of losses occurring in countries other than the United States. Having disposed of No. 320 for these reasons in favor of the Government by affirming the judgment below, a short opinion was delivered by Mr. Justice McKenna in No. 547, in which he said that the charge of invalidity in that case was on the same grounds as those set up in No. 320; and that, upon authority of the decision in No. 320, the judgment should be affirmed.

A petition for rehearing seeks now to differentiate the present case from that considered and decided in No. 320.

The Revenue Act of 1918, 40 Stat. 1076, provided for a tax of 12 per cent. on the net income in excess of certain credits upon domestic corporations, but contained this provision in case of foreign corporations, under § 233 (b):

" In the case of a foreign corporation gross income includes only the gross income from sources within the United States, including the interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States." (40 Stat. 1077.)

The Revenue Act of 1921 taxed the net income (meaning the gross income, less certain deductions) of domestic corporations. 42 Stat. 252, 254. The same section, No. 232, provided that " In the case of a foreign corporation, the computation should be made in the manner provided in § 217. The relevant parts of §§ 217 and 233 were as follows:

" Sec. 217 (a). That in the case of a non-resident alien individual or of a citizen entitled to the benefits of section 262. . . .

"(e) Items of gross income, expenses, losses and deductions, other than those specified in subdivisions (a) and (c), shall be allocated or apportioned to sources within or without the United States under rules and regulations prescribed by the Commissioner with the approval of the Secretary. . . . Gains, profits and income from (1) transportation or other services rendered partly within and partly without the United States, or (2) from the sale of personal property produced (in whole or in part) by the taxpayer within and sold without the United States, or produced (in whole or in part) by the taxpayer

without and sold within the United States, shall be
treated as derived partly from sources within and partly
from sources without the United States. Gains, profits
and income derived from the purchase of personal prop-
erty within and its sale without the United States or
from the purchase of personal property without and its
sale within the United States, shall be treated as derived
entirely from the country in which sold. . . . (42
Stat. 243, 244, 245.)

"Sec. 233. . . .

"(b) In the case of a foreign corporation, gross income
means only gross income from sources within the United
States, determined (except in case of insurance com-
panies subject to the tax imposed by section 243 or 246)
in the manner provided in section 217." (42 Stat. 254.)

Counsel contend in their petition for rehearing that the
Revenue Act of 1921 provided, with respect to the manu-
facture within the United States by foreign corporations
of goods which they sold in foreign countries, that the in-
come derived should be allocated to sources within the
United States, and imposed a tax on that part of such
income allocated to manufacture, whereas the Revenue
Act of 1918, under which this case arose, exempted from
tax all income of foreign corporations derived from the
manufacture or purchase of goods within the United
States which they sold or disposed of in foreign countries.
But we do not think that that distinction makes any dif-
ference in the application of the principle upon which the
judgment in No. 320 was based. Whatever the difference
between the acts, whether the foreign corporations were
wholly exempted or only partially exempted, they con-
stituted a class all by themselves and could be properly so
treated by Congress because of the considerations sug-
gested in the opinion in No. 320. The attack made upon
the law of 1921 for discrimination against American cor-
porations in favor of foreign corporations was quite as

42684°—25——29

vigorous in the briefs of counsel for the plaintiffs in error
in No. 320 as in No. 547, and rested on the same argu-
ment; and while the exemption of the net income of
foreign corporations from manufacture in United States
did not exist in the Act of 1921 as in the Act of 1918, the
question of discrimination in the two cases only differed
in extent and did not call for any real distinction in de-
ciding them. The question where an income is earned is
always a matter of doubt when the business is begun in
one country and ended in another. As pointed out by
the plaintiff in error in his brief in No. 320, much of the
business in such foreign trade in addition to the manu-
facture is done in the United States in storehouses and
docks and in other ways after the manufacture, but what-
ever of that might be equitably allocated as done in the
United States is exempted from taxation of foreign cor-
porations by the Act of 1921. Thus exactly the same
question presents itself as in No. 320. It is only a differ-
ence in degree.

The power of Congress in levying taxes is very wide,
and where a classification is made of taxpayers that is
reasonable, and not merely arbitrary and capricious, the
Fifth Amendment can not apply. As this Court said,
speaking of the taxing power of Congress, in *Evans* v.
*Gore*, 253 U. S. 245, 256: "It may be applied to every
object within its range ' in such measure as Congress may
determine'; enables that body ' to select one calling and
omit another, to tax one class of property and to forbear to
tax another'; and may be applied in different ways to
different objects so long as there is ' geographical uni-
formity ' in the duties, imposts and excises imposed. *Mc-
Culloch* v. *Maryland*, 4 Wheat. 316, 431; *Pacific Insur-
ance Co.* v. *Soule*, 7 Wall. 433, 443; *Austin* v. *The Alder-
men*, 7 Wall. 694, 699; *Veazie Bank* v. *Fenno*, 8 Wall. 533,
541, 548; *Knowlton* v. *Moore*, 178 U. S. 41, 92, 106; *Treat*
v. *White*, 181 U. S. 264, 268–269; *McCray* v. *United*

*States,* 195 U. S. 27, 61; *Flint* v. *Stone Tracy Co.,* 220 U. S. 107, 158; *Billings* v. *United States,* 232 U. S. 261, 282; *Brushaber* v. *Union Pacific R. R. Co.,* 240 U. S. 1, 24–26."

The power of Congress to make a difference between the tax on foreign corporations and that on domestic corporations is not measured by the same rule as that for determining whether taxes imposed by one State upon the profits of a manufacturing corporation are an imposition of tax upon a subject matter not within the jurisdiction of the taxing State. Cases on that subject like *Underwood Typewriter Co.* v. *Chamberlain,* 254 U. S. 113, have no application to the question here. Considerations of policy toward foreign countries may very well justify an exemption of the foreign corporations from taxes that might legitimately be imposed on them, but which Congress does not think it wise to exact. Such considerations justify a different classification of foreign corporations doing business in the United States, either of manufacture or of purchase, and making profit out of that business in other countries, from that which would apply to its own corporations. The injustice thought to be worked upon domestic corporations engaged in sales abroad, by a different classification, for purposes of taxation, of foreign corporations similarly engaged, is an argument, not for the constitutional invalidity of the law before a court, but for its repeal before Congress.

The opinion of Mr. Justice McKenna applying the same principles in this case to those applied in No. 320 was entirely justified, and the petition for rehearing is

*Overruled.*

The original opinion is as follows:

MR. JUSTICE McKENNA delivered the opinion of the Court.

The plaintiff in error is a domestic corporation engaged in business as a manufacturer. It is subjected to

an income tax from which foreign corporations are exempted. It charges invalidity on the same grounds as those set up in No. 320, [266 U. S. 373,] and brought suit to recover the amount of the tax. Its complaint was dismissed on motion of the District Attorney upon the authority of *National Paper & Type Company* v. *Edwards, Collector of Internal Revenue,* 292 Fed. 633, and judgment went on the merits.

The cause was submitted with No. 320, just decided. It presents the same contentions, based upon the same grounds. And upon the authority of our decision in that case, the judgment below is

*Affirmed.*