TOOTAL BROADHURST LEE CO., LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15962.   Promulgated November 25, 1927.

*F. Morse Hubbard, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

OPINION.

LITTLETON: The issue is whether income derived by a foreign corporation from the sale in the United States of merchandise manufactured without the United States is income from sources within the United States under section 233(b) of the Revenue Act of 1918, which provides as follows:

In the case of a foreign corporation gross income includes only the gross income from sources within the United States, including the interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States.

In *Richard L. Birkin*, 5 B. T. A. 402, the Board had before it a foreign partnership manufacturing merchandise abroad and selling it in the United States. In that proceeding the petitioners contended that a part of the profit realized on the sale in the United States should be attributed to the manufacturing operations in England, and, therefore, there should be an allocation between the two countries of the total profit on the ground that the source of the entire income was not within the United States. The Board rejected the petitioner's contention and held that the source of the entire profit, representing the difference between the cost of goods sold (which included in that instance manufacturing cost and selling, transportation and other incidental expenses) and the sales price, was income from sources within the United States for the reason that "The law of the United States recognizes no income in the unrealized appreciation of value of goods or property, * * * but treats such appreciation as taxable income only when it comes to hand as the profit from sale." In other words, the source of income in such an instance was the sale of the goods, and since this took place in this country, the entire profit realized was to be included in the gross income of the foreign partnership.

While the foregoing case arose under section 213(c) and this proceeding involves section 233(b) of the same Act, the former defining gross income of nonresident individuals and the latter the gross

income of foreign corporations, the language in each instance is identical. Therefore, the conclusion reached in *Richard L. Birkin, supra*, is controlling here. The petitioner, however, contends that the *Birkin* case is not controlling for the reason that the Board, in its discussion, referred almost entirely to the question of the source of income under the circumstance of that case; that a construction of subsection (b) of section 233, which the petitioner considers determinative of the issue in its case, was neither urged nor argued in the other proceeding. Since in the *Birkin* appeal the Board was concerned with the extent to which a certain item should be included in the gross income of a foreign partnership, it became necessary to consider and the Board did consider whether, under the governing provisions of the Act, the whole or any part of such income was to be included in gross income under section 213 (c) of the Revenue Act of 1918. This made necessary a consideration of the entire section, though reference was made in the opinion only to the part of the statute on which the petitioner relied.

In this proceeding the Board's attention is directed particularly to that part of section 233 (b), as follows: " and including all amounts received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States." The petitioner's contention is that in the case of a foreign corporation engaged in the manufacture and sale of merchandise, the profits on such merchandise can be included in gross income for income and profits-tax purposes only when both the manufacture and disposition take place in the United States. It therefore argues that since it did not both manufacture and sell in the United States, the entire income from sales in the United States on merchandise manufactured abroad should be excluded from gross income. We are unable to agree that a proper construction of the statute leads to this conclusion.

The statute does not attempt to set out with particularity the various classes of income to be included in the gross income of a foreign corporation. It provides that income to be included is only that which is derived from sources within the United States. The Board held in the *Birkin* case that when the manufacture takes place abroad and the merchandise is sold within this country, the entire profit is realized when the sale is made, and that this profit represents income from sources within the United States.

The next question is whether, even although this profit be considered income from sources within the United States, it should be excluded because of some other provision of the statute limiting the income from sources within the United States, in the case of a foreign manufacturing corporation, to income realized when both

the manufacture and sale take place within this country. While the purpose of section 233(b) was undoubtedly to limit the income taxable to foreign corporations to income derived from sources within the United States, we fail to find anything in the statute which would warrant the exclusion of income when the source has been held to be within the United States. The clauses which follow the provision that "gross income of a foreign corporation includes only the gross income from sources within the United States," are not all-inclusive but are rather to be considered as types of income which would fall within the broad classification of income from sources within this country. Had the word "including" been followed by the word "only" in each instance, then it might follow that only these classes of income should be included in the gross income of foreign corporations. But words of an excluding nature are absent in these "including" clauses. The clause to which the petitioner directs our particular attention reads: "including *all amounts* received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States." (Italics ours.) This language does not indicate a purpose on the part of Congress to exclude profits which are otherwise includable under the broad definition of gross income of a foreign corporation.

In the absence of anything in the Act itself or in the legislative history of the section in question as to the reason for the enactment of the clause which the petitioner considers of paramount importance, it would be futile to speculate as to the reason for its existence. In the opinion of the Board, a plausible explanation of this clause would be that it was inserted as an inhibition against a tax on the mere manufacture of merchandise, which would be tantamount to a tax on unrealized appreciation, and that a tax could not be asserted until the sale had taken place. The latter feature is recognized by the Commissioner, having for its authority an opinion of the Attorney General dated November 3, 1920 (32 Op. Atty. Gen. 336). In *National Paper & Type Co.* v. *Bowers*, 266 U. S. 373, and *Barclay & Co.* v. *Edwards*, 267 U. S. 442, the court in upholding the constitutionality of the section here being considered, held that it was not unreasonable to levy a tax on domestic corporations which manufactured in this country and sold abroad, whereas foreign corporations which similarly manufactured and sold would not be taxed. One of the reasons cited by the court in support of its opinion was that "foreign corporations are taxed only on their income from sources within the United States because, to repeat, only that income is earned under the protection of American laws." Apparently, therefore, in order to eliminate any doubt that only income earned under the protection of American laws should be

included in gross income of foreign corporations, the aforementioned provision was inserted. Suffice it to say, however, that whatever may have been the purpose in adding this provision, we fail to find anything therein which would cause income to be excluded from gross income of a foreign corporation which is derived from sources within the United States.

Finally, we are convinced that in the absence of a positive declaration in the statute to this effect, there is no more reason for excluding from the gross income of a foreign corporation the profit realized on the sale of merchandise when the manufacture takes place abroad and the sale in this country than there is for excluding profit on a sale when there is a purchase abroad and a sale in this country. In the final analysis, what takes place abroad is not essentially different in the two instances, since in the ordinary manufacturing operation there is first a purchase of the raw materials and then a purchase of the labor and machinery necessary to produce the finished article, instead of an outright purchase of the finished article. The interpretation contended for by the petitioner would include the profit as taxable income in one instance, but would exclude it in the other. Compelling reasons would have to exist to warrant such a result and these we do not find in the statute, either expressed or implied.

Accordingly, the action of the Commissioner in including in the gross income of a foreign corporation profits on the sale of goods in this country which it manufactured abroad, is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*