### NEUSS HESSLEIN & CO., Inc., v. EDWARDS, Collector of Internal Revenue.

District Court, S. D. New York. March, 1928.

**1. Territories ⊙⟶7—Porto Rico and Philippine Islands held not part of "United States," within constitutional provision as to uniformity of duties, imposts, and excises (Const. art. I, § 8, cl. 1).**

Porto Rico and Philippine Islands are not a part of the "United States," within Const. art. 1, § 8, cl. 1, declaring that "all duties, imposts and excises shall be uniform throughout the United States," and Congress may distinguish between Porto Rico and Philippine Islands corporations and purely domestic corporations, and legislate differently for them.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, United States.]

**2. Constitutional law ⊙⟶286—Internal revenue ⊙⟶2(10)—Taxing income of domestic export corporations and exempting similar corporations organized in Porto Rico or Philippine Islands held not unlawful discrimination, nor to violate due process clause (Revenue Act 1918, §§ 230[a], 233[b], 301 [Comp. St. §§ 6336⅛nn, 6336⅛p, 6336⁷⁄₁₆aa]; Const. Amend. 5).**

That domestic export corporation was required by Revenue Act 1918, §§ 230[a], and 301 (Comp. St. §§ 6336⅛nn, 6336⁷⁄₁₆aa), to pay income tax, whereas corporations organized under laws of Porto Rico and Philippine Islands, engaged in same business, are exempt from like tax by section 233(b), being Comp. St. § 6336⅛p, *held*, not to constitute an unlawful discrimination or taking of property without due process of law, in violation of the Fifth Amendment to the Constitution.

**3. Commerce ⊙⟶77—Tax on income of export corporation held not tax or duty on articles exported from state (Revenue Act 1918, §§ 230[a], 301 [Comp. St. §§ 6336⅛nn, 6336⁷⁄₁₆aa]; Const. art. I, § 9, par. 5).**

Revenue Act 1918, §§ 230(a), 301 (Comp. St. §§ 6336⅛nn, 6336⁷⁄₁₆aa), imposing tax on net income of domestic export corporation, *held*, not to directly burden its exportation business, in violation of Const. art. 1, § 9, par. 5, providing that no tax or duty shall be laid on articles exported from any state.

At Law. Action by Neuss Hesslein & Co., Inc., against William H. Edwards, as Collector of Internal Revenue for the Second District of New York. On defendant's motion to dismiss plaintiff's amended complaint. Motion granted.

Lord, Day & Lord, Franklin Grady, and Sharon Graham, all of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., and Samuel C. Coleman, Asst. U. S. Atty., both of New York City, for defendant.

GODDARD, District Judge. This is a motion by the defendant to dismiss the plaintiff's amended complaint on the ground that it does not set forth facts sufficient to constitute a cause of action. From the complaint it appears that the plaintiff is a corporation organized and existing under the laws of the state of New York, and with its principal place of business in the city and state of New York, and was at all the times referred to and now is engaged within the United States in the business of purchasing goods within the United States and exporting the said goods to countries foreign to the United States; that on June 13, 1921, it paid under protest to the United States collector of internal revenue at New York $2,-195.70 imposed under the Revenue Act of 1918 upon its net income or profits during the calendar year 1920. This suit was brought to recover the tax so paid, on the ground that its imposition was unconstitutional, it alleges, because corporations organized under the laws of Porto Rico and Philippine Islands, which are engaged in a business similar to that of the plaintiff, are not required to pay as much tax as it is compelled to pay; that Congress has attempted to classify corporations of Porto Rico and of the Philippine Islands as foreign corporations under section 1 of the Revenue Act of 1918 (Comp. St. § 6371¼a); and that such corporations were exempted from the payment of tax on the net income derived from the business of exporting articles from the United States and selling them in foreign countries. Its precise grounds, as stated by the plaintiff, are:

"First. That the said tax assessed and collected under sections 230 and 301 of the Revenue Act of 1918 on the net income of the plaintiff, derived from the purchase of articles within the United States by the plaintiff and the exportation and disposition or sale of said articles in countries foreign to the United States by the plaintiff during the calendar year 1920, was not the exertion of taxation but the confiscation or taking of

plaintiff's property in violation of the Fifth Amendment of the Constitution of the United States, inasmuch as the like net income of corporations organized under the laws of Porto Rico and the Philippine Islands, derived from the said like business of exporting carried on within the United States during said calendar year 1920, under the same circumstances and conditions, and under the protection of the United States in whatever part of the world their business was conducted, was exempt from like tax under section 233 (b) of said Revenue Act of 1918."

"Second. That by reason of said discrimination against the plaintiff the said tax so imposed upon the said net income of the plaintiff so earned during said calendar year 1920 directly burdened the exportation of said articles from the United States by the plaintiff in violation of paragraph 5 of section 9 of article 1 of the Constitution of the United States."

The pertinent sections of the Act of Congress approved February 24, 1919, known as the Revenue Act of 1918 (40 Stat. c. 18), are:

"Sec. 1. The term 'foreign' when applied to a corporation or partnership means created or organized outside the United States.

"The term 'United States' when used in a geographical sense includes only the States, the territories of Alaska and Hawaii, and the District of Columbia." * * *

"Sec. 230(a). That, in lieu of the taxes imposed by section 10 of the Revenue Act of 1916, as amended by the Revenue Act of 1917, and by section 4 of the Revenue Act of 1917, there shall be levied, collected, and paid for each taxable year upon the net income of every corporation a tax at the following rates:

"(1) For the calendar year 1918, 12 per centum of the amount of the net income in excess of the credits provided in section 236; and

"(2) For each calendar year thereafter, 10 per centum of such excess amount. * * *

"Sec. 233(b). In the case of a foreign corporation gross income includes only the gross income from sources within the United States, including the interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States."

"Sec. 261. That in Porto Rico and the Philippine Islands the income tax shall be levied, assessed, collected, and paid in accordance with the provisions of the Revenue Act of 1916 as amended. Returns shall be made and taxes shall be paid under title I of such act in Porto Rico or the Philippine Islands, as the case may be, by (1) every individual who is a citizen or resident of Porto Rico or the Philippine Islands or derives income from sources therein, and (2) every corporation created or organized in Porto Rico or the Philippine Islands or deriving income from sources therein. An individual who is neither a citizen nor a resident of Porto Rico or the Philippine Islands but derives income from sources therein, shall be taxed in Porto Rico or the Philippine Islands as a nonresident alien individual, and a corporation created or organized outside Porto Rico or the Philippine Islands and deriving income from sources therein shall be taxed in Porto Rico or the Philippine Islands as a foreign corporation. For the purposes of section 216 and of paragraph (6) of subdivision (a) of section 234 a tax imposed in Porto Rico or the Philippine Islands upon the net income of a corporation shall not be deemed to be a tax under this title."

"Sec. 301 (a). That in lieu of the tax imposed by title II of the Revenue Act of 1917 but in addition to the other taxes imposed by this act, there shall be levied, collected, and paid for the taxable year 1918 upon the net income of every corporation a tax equal to the sum of the following: * * * * * * * * * * *

"(b) For the taxable year 1919 and each taxable year thereafter there shall be levied, collected, and paid upon the net income of every corporation (except corporations taxable under subdivision (c) of this section) a tax equal to the sum of the following."

Comp. St. §§ 6336⅛nn, 6336⅛p, 6336⅛z, 6336⅞₆aa, 6371¼a.

[1] Porto Rico and the Philippine Islands are not a part of the United States within that provision of the Constitution ·(article 1, § 8, cl. 1) which declares that "all duties, imposts and excises shall be uniform throughout the United States," and Congress has the power to make a distinction between Porto Rico and Philippine Islands corporations and purely domestic corporations and to legislate differently for them. Downes v. Bidwell, 182 U. S. 244, 21 S. Ct. 770, 45 L. Ed. 1088; Lawrence v. Wardell (C. C. A.) 273 F. 405.

In Porto Rico Coal Co. v. Edwards (D. C.) 275 F. 104, a New York corporation which derived practically all its income from Porto Rico and did all its business on that island, was taxed upon its entire net income as a domestic corporation. It was also required to pay an excess profit tax. This latter tax was not in effect in Porto Rico. It complained that, since corporations of Porto Rico had been exempted from the excess profit tax, while it, which drew its income from that island, was not exempted, therefore it was discriminated against; and Judge Learned Hand held there was no discrimination or violation of the Fifth Amendment of the Constitution.

[2] In the case at bar the plaintiff, a New York corporation, exports goods from the United States and alleges discrimination, because it must pay a tax on its profits, while a Porto Rico or Philippine Islands corporation, similarly exporting from the United States, is not required to pay a tax. The same principle seems to me to apply as in the case of Porto Rico Coal Co. v. Edwards, supra. All purely domestic corporations carrying on a similar business are taxed on the same basis as the plaintiff; all such corporations are treated alike. Congress, for its own good reasons, has not thought it advisable to impose the same taxes on Porto Rico and Philippine Islands corporations as it does on American corporations, and under the authorities Congress has this right. It may be that Congress was actuated by the thought that these territorial corporations did not have the same protection from the United States government as its own corporations; also Congress seems to have thought it advisable for these territories themselves to provide for and collect their own taxes, and thereby directly obtain sufficient revenue to meet their needs, rather than have their taxes laid and collected by a different method with appropriations from the revenue so collected by the American Congress. Undoubtedly Congress could have made the Revenue Acts of 1917 (40 Stat. 300) and 1918 (40 Stat. 1057) applicable to Porto Rico and the Philippine Islands, but evidently it did not desire to include them in the heavier taxes imposed upon American corporations, which were necessitated by the expenses of carrying on the World War.

[3] The second contention made by the plaintiff, that the tax imposed upon it directly burdened its exportation business in violation of paragraph 5, § 9, art. 1, of the Constitution of the United States, is fully disposed of by the decisions in Peck & Co. v. Lowe, 247 U. S. 165, 38 S. Ct. 432, 62 L. Ed. 1049; National Paper & Type Co. v. Edwards (D. C.) 292 F. 633; National Paper & Type Co. v. Bowers, 266 U. S. 373, 45 S. Ct. 133, 69 L. Ed. 331.

Accordingly, the motion to dismiss the amended complaint should be granted.