EDGAR M. MORSMAN, JR., ADMINISTRATOR, ESTATE OF EDGAR M. MORSMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32075.  Promulgated November 12, 1928.

*Edgar M. Morsman, Jr., Esq.,* pro se.
*Benton Baker, Esq.,* for the respondent.

112

OPINION.

Lansdon: The questions presented in this proceeding are, (1) whether the corpus of a certain trust is to be included in determining the value of the gross estate subject to tax; (2) whether petitioner is entitled to credit Federal estate taxes with the amount of inheritance taxes paid to the States of Nebraska and New York, and (3) whether respondent correctly determined that interest at the rate of 1 per cent per month attached to the deficiency determined upon the disallowance of the credit for state inheritance taxes paid.

Our decision as to the first issue in this proceeding is governed by *Nichols* v. *Coolidge*, 274 U. S. 531; *Edward H. Alsop, Executor*, 7 B. T. A. 848; and *James Duggan, Executor*, 8 B. T. A. 482. Cf. *Charles L. Harris, Administrator*, 5 B. T. A. 41, and *Wilmington Trust Co.* v. *United States*, 28 Fed. (2d) 205. The transfer made by deceased on August 1, 1922, was made under the provisions of the Revenue Act of 1921. His death occurred on April 6, 1925. Title IV (Estate Tax) of the Revenue Act of 1921 was repealed by section 1100(a) of the Revenue Act of 1924, approved June 2, 1924. Section 302(c) of the Revenue Act of 1924 is identical with section 402(c) of the Revenue Act of 1921, and section 402(c) of the Revenue Act of 1918.

The Supreme Court held that the latter section was invalid in so far as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death. The transfer herein involved is of the character of that referred to in *Nichols* v. *Coolidge, supra.* Section 302(c) of the Revenue Act of 1924 can have no effect to include as a part of the gross estate the property transferred in trust by decedent on August 1, 1922.

The respondent contends that the estate is not entitled to credit on account of inheritance taxes paid to the States of New York and Nebraska, since petitioner has not complied with the requirements of article 9(a) of Regulations 68. The respondent further contends that the allowance or disallowance of the credit authorized by section 301(b) of the Revenue Act of 1924 is a matter over which the Board has no jurisdiction. The evidence is clear that the petitioner paid inheritance taxes to the State of Nebraska in the amount of $611.52, and that the tax was paid in respect of property included in the gross estate for Federal estate-tax purposes. The evidence is also clear that petitioner paid a transfer tax to the State of New York in the amount of $401.72, and that the tax was paid in respect of property included in the gross estate for Federal estate-tax purposes. A transfer tax paid to the State of New York in the amount of $131.71 was paid in respect of property included in the trust fund, which we have held did not constitute part of the gross estate for Federal estate-tax purposes. We are of the opinion that petitioner is entitled to credit the estate tax determined by the respondent with the inheritance taxes paid to the States of New York and Nebraska in the respective amounts of $401.72 and $611.52, such credit not to exceed 25 per cent of the amount determined under section 301(a) of

the Revenue Act of 1924. See *Edgar M. Morsman, Jr., Administrator*, 13 B. T. A. 415, and the cases cited thereunder.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

GREEN, dissenting: I am unable to agree with so much of the foregoing opinion as relies upon *Nichols* v. *Coolidge, supra*, as authority for its position. In that case all of the transfers which the court found were intended to take effect in possession or enjoyment at or after death, were in fact made prior to the passage of the Revenue Act of 1916, which Act was the first to contain any provision with reference to such transfers. In this case the transfers were made on August 1, 1922, and thus were made after Congress had thrice enacted the provision of the law here under consideration.

. In *Nichols* v. *Coolidge, supra*, the court said:

*Undoubtedly, Congress may require that property subsequently transferred in contemplation of death be treated as part of the estate for purposes of taxation.* This is necessary to prevent evasion and give practical effect to the exercise of admitted power, but the right is limited by the necessity.

Under the theory advanced for the United States, the arbitrary, whimsical and burdensome character of the challenged tax is plain enough. An excise is prescribed, but the amount of it is made to depend upon past lawful transactions, not testamentary in character and beyond recall. Property of small value transferred before death may have become immensely valuable, and the estate tax, swollen by this, may leave nothing for distribution. Real estate transferred years ago, when of small value, may be worth an enormous sum at the death. If the deceased leaves no estate there can be no tax; if, on the other hand, he leaves ten dollars both that and the real estate become liable. Different estates must bear disproportionate burdens determined by what the deceased did one or twenty years before he died. See *Frew* v. *Bowers, Collector* (C. C. A.) 12 F. (2d) 625.

This court has recognized that a statute purporting to tax may be so arbitrary and capricious as to amount to confiscation and offend the Fifth Amendment. *Brushaber* v. *Union Pacific R. R.*, 240 U. S. 1, 24, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713; *Barclay & Co.* v. *Edwards*, 267 U. S. 442, 450, 45 S. Ct. 135, 348, 69 L. Ed. 703. See, also, *Knowlton* v. *Moore*, 178 U. S. 41, 77, 20 S. Ct. 747, 44 L. Ed. 969. And we must conclude that section 402(c) of the statute here under consideration, in so far as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious and amounts to confiscation. *Whether or how far the challenged provision is valid in respect of transfers made subsequent to the enactment, we need not now consider.* (Italic added.)

I think that the sentence last above quoted clearly indicates that the decision is not intended to dispose of many of the questions which may arise. I think that the decision is intended to reach only those questions which arise by reason of the fact that the transfers involved were made prior to the passage of the statute under which it was sought to measure and collect the tax.

It seems to me that the situation here is wholly different. The Revenue Acts of 1916, 1918, and 1921 had each required that there be included in the gross estate the value of the interest transferred in contemplation of or intended to take effect in possession or enjoyment at or after death. Under such circumstances the effect is not " to impose on citizens burdens for doing what at the time of doing was unburdened." *Frew* v. *Bowers*, 12 Fed. (2d) 625. Here the deceased was fully advised of the legal consequences of his act and no " burdens " have been added since his transfer. The tax which his estate is now called upon to pay is, at least in so far as this provision is concerned, computed exactly as it would have been had he died before the passage of the Revenue Act of 1924. This being true, the situation is so wholly different from that in *Nichols* v. *Coolidge* that the rule there announced is entirely inapplicable. For the same reason *Edward H. Alsop, Executor, supra,* is no precedent for the conclusion here reached. The facts in *James Duggan, Executor, supra,* are, so far as date of transfer is concerned, parallel with the facts of this case and I think that the decision there, if correct, was based upon the wrong ground.

In this dissenting opinion I have not attempted to discuss what appear to me to be the questions involved, but have contented myself with pointing out that this decision, if correct, is based upon a wholly wrong premise.

MARQUETTE, TRAMMELL, MORRIS, ARUNDELL, and MURDOCK agree with this dissent.