## MANUFACTURERS LIFE INS. CO. v. UNITED STATES.

### No. 43589.

Court of Claims.

April 1, 1940.

John W. Townsend, of Washington, D. C. (A. R. Serven, of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

The plaintiff is a foreign life insurance company. During both of the taxable years in question it received interest exempt from taxation in the amount of $4,250, and it also received in one year dividends in the amount of $12,550, and in the other year, in the amount of $37,-722.25. In computing its net income from sources within the United States the Commissioner deducted from its gross income from all sources the amount of this interest and dividends and other deductions allowed by law, and applied to the net income so arrived at the percentage which its reserve funds on business transacted within the United States was of its reserve funds upon all business transacted everywhere.

The plaintiff insists that this was error and that the proper method of computing its net income subject to tax is to deduct from its gross income from all sources all of the deductions allowed by law, except the interest exempt from taxation and the dividends, and to then apply to the balance the prescribed percentage, and from this amount to deduct the interest and dividends received.

If this method is not followed, plaintiff insists that a portion of its tax-exempt interest and a portion of its dividends would be subjected to taxation. This, it says, first, is contrary to the proper construction of the applicable sections of the Revenue Act of 1928; and, second, that so construed, they are unconstitutional, because discriminatory against a foreign corporation in favor of a domestic one; and, third, with respect to the interest, it says, that this would violate the exemption clause of the act under which the interest-bearing bonds were issued, and that this cannot be done constitutionally.

We shall discuss these points in order.

Section 201(b) of the Revenue Act of 1928, 26 U.S.C.A.Int.Rev.Acts, imposes a tax of 12 per cent on the net income of domestic life insurance companies, and a like tax upon the net income from sources within the United States of foreign life insurance companies. Section 202(a) of the Act, 26 U.S.C.A.Int.Rev.Acts, defines a life insurance company's gross income as "the gross amount of income received during the taxable year from interest, dividends, and rents." Section 203(a), 26 U.S.C.A.Int.Rev.Acts, defines net income as the gross income less tax-free interest and dividends, as well as reserve funds, investment expenses, real-estate expenses, depreciation, other interest, and the specific exemption. Section 203(c) sets out the formula for determining the amount of a foreign life insurance company's income derived from sources within the United States. It provides: "In the case of a foreign life insurance company the amount of its net income for any taxable year from sources within the United States shall be the same proportion of its net income for the taxable year from sources within and without the United States, which the reserve funds required by law and held by it at the end of the taxable year upon business transacted within the United States is of the reserve funds held by it at the end of the taxable year upon all business transacted."

In findings 8 and 9 there is set out the Commissioner's method of computing the plaintiff's tax. It will be noted that he followed precisely the rule laid down in sections 201(b), 202(a), 203(a), and 203(c). In order to determine its net income he deducted from its gross income as defined in section 202(a) the items set out in subdivision (a) of section 203. To this balance he applied the percentage called for in subdivision (c) of that section.

The plaintiff insists, however, that the words "net income" in subdivision (c) of section 203 do not mean the same thing they mean in subdivision (a). We find no basis for such a conclusion. Section 203 specifically defines what is. meant by the term "net income." Having expressly defined it, that definition is the one to be applied wherever these words

are used, unless there is a clear indication of a contrary intention on the part of Congress. Especially is this so where the words are found in the very same section which defines their meaning. In defining the words, Congress does not limit that definition to the net income of domestic life insurance companies. It applies "in the case of a life insurance company," without distinction as to whether it is foreign or domestic. The section in which it is defined deals not only with domestic life insurance companies, but also with foreign life insurance companies.

But plaintiff says that to give it this definition in the case of a foreign insurance company results in depriving the foreign insurance company of a portion of the deduction for tax-exempt interest and dividends, and that this was not intended by Congress. It says that to deduct the tax-exempt interest and dividends from its gross income and then apply the percentage to the balance is equivalent to applying the percentage to each item of its gross income and to each item of the deductions, which is of course true, and that, therefore, it only receives a deduction of that percentage of its tax-exempt interest and dividends.

On its face this conclusion would appear to follow, but this is not necessarily true, as we shall hereafter show. But whether true or not, it seems clear to us that this is the result intended by Congress. It is the result attained by following the procedure laid down, and Congress must have known that this result would follow.

But the plaintiff says that this is a discrimination against it in favor of domestic life-insurance companies, and that such discrimination is unconstitutional under the due process clause of the Constitution.

On page 32 of the record plaintiff sets out the Commissioner's computation of its tax liability, and in a parallel column shows that a domestic company with exactly the same income as plaintiff's income from sources within the United States, would pay a smaller tax by virtue of the deduction of the entire amount of the tax-free interest and dividends as against a deduction of only about 14 percent thereof allowed plaintiff.

■ Even though there be this discrimination between domestic and foreign life-insurance companies, we do not think that this renders the statute unconstitutional. A foreign corporation has, of course, no right to do business in this country, except by its consent, and upon such terms and conditions as this country may impose. Paul v. Virginia, 8 Wall. 168, 19 L.Ed. 357; Pembina Consolidated Silver Mining & Milling Co. v. Pennsylvania, 125 U.S. 181, 8 S.Ct. 737, 31 L.Ed. 650; Munday, Trustee, v. Wisconsin Trust Co. et al., 252 U.S. 499, 40 S.Ct. 365, 64 L.Ed. 684; Washington ex rel. Bond & Goodwin & Tucker, Inc., v. Superior Court, 289 U.S. 361, 53 S.Ct. 624, 77 L.Ed. 1256, 89 A.L.R. 653; and the conditions imposed may discriminate against foreign corporations in favor of domestic ones, Ducat v. Chicago, 10 Wall. 410, 19 L.Ed. 972; Pembina Consolidated Silver Mining & Milling Co. v. Pennsylvania, supra. The differentiation between foreign corporations and domestic corporations is a reasonable classification. National Paper & Type Co. v. Bowers, 266 U.S. 373, 45 S.Ct. 133, 69 L.Ed. 331; Barclay & Co., Inc., v. Edwards, 267 U.S. 442, 45 S.Ct. 348, 69 L.Ed. 703. A foreign corporation may be subjected to a different tax from domestic corporations of the same kind. Northwestern Life Insurance Co. v. Wisconsin, 247 U.S. 132, 138, 38 S. Ct. 444, 62 L.Ed. 1025.

■ Finally, the plaintiff says that the Commissioner's computation of the tax, as the result of which it says it is deprived of a deduction of something over 85 percent of the amount of its tax-free interest, violates the provisions of section 7 of Chapter 56 of the Act of September 24, 1917, 40 Stat. 291, 31 U.S.C.A. §§ 747, 758, under the terms of which the Liberty Loan Bonds held by it were issued, and that this cannot be done constitutionally. That act provided for the exemption from taxation of the principal and interest of the bonds issued thereunder.

It is true that the plaintiff has been allowed a deduction from its statutory gross income from United States sources of only about 14 percent of its tax-exempt interest, but it does not necessarily follow that the balance of this interest has been subjected to taxation. The rule for determining the amount of a foreign life insurance company's net income derived from sources within the United States is purely arbitrary; it may or may not be in accord with the actual facts. The rule prescribed by Congress, applicable alike to all foreign insurance companies, was for the purpose of providing a reasonable and fair basis for

a satisfactory determination of net income, and to avoid controversies and administrative difficulties in its administration; but it may or may not accord with the actual facts. The net income is ascertained by taking that proportion of its total net income which its reserve funds from business transacted within the United States bears to its total reserve funds. But its taxable gross income does not include premiums from insurance written, which is the only income which bears any relation to its reserves. Its taxable gross income is confined to interest, dividends, and rents. This income does not necessarily bear any relation to its reserve funds. Whereas its reserve funds on business transacted within the United States equal about 14 percent of all of its reserve funds, it may be that its income from interest, dividends, and rents from domestic sources far exceeds 14 percent of its total income therefrom, or it might be much less than 14 percent.

If it derived all of its taxable gross income from sources within the United States, but only paid a tax on 14 percent thereof, it would seem improbable that it has been taxed on a net income greater than its actual net income after deduction of its entire tax-exempt interest. If its actual taxable gross income from United States sources was $1,000,000, and it was required to return for taxation only 14 percent thereof, or $140,000, then $860,000 of its income which might have been subjected to the tax was not in fact subjected. Therefore, although only 14 percent of its tax-exempt interest be deducted from its theoretical gross income, the balance has not been subjected to the tax, unless it exceeds the amount of the gross income excluded from taxation. The exclusion from gross income of the $860,000 of taxable gross income would more than offset the unallowed deduction of a portion of the tax-exempt interest, amounting in this case to $4,250.

It may be the plaintiff did not derive all of its taxable income from sources within the United States, but how much it did derive, and whether or not that amount exceeds or is less than its income determined in accordance with the statute, is not shown by the record. We are unable to say, therefore, whether or not plaintiff's net income which has been subjected to the tax is greater or less than its actual net income arrived at by deducting from its actual gross income its entire tax-exempt interest, and other deductions. If its net income subjected to the tax is less than its actual net income after deducting the entire tax-exempt interest, no tax has been levied on the tax-exempt interest, and therefore the contention pressed is not present.

In the case of National Life Insurance Co. v. United States, 277 U.S. 508, 48 S.Ct. 591, 72 L.Ed. 968, there was no question, under the opinion of the majority of the court, that the tax-exempt interest was in fact taxed. This has not been proven in this case.

It results that on the facts as shown the plaintiff is not entitled to recover, and its petition must therefore be dismissed. It is so ordered.

WHALEY, Chief Justice, and LITTLETON and GREEN, Judges, concur.

WILLIAMS, Judge, took no part in the decision of this case.