Edward C. HEARD and Cora L. Heard, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 17404.

United States Court of Appeals Eighth Circuit.

Jan. 31, 1964.

Henry C. Lowenhaupt, St. Louis, Mo., made argument for petitioners and filed brief with counsel—Lowenhaupt, Chasnoff, Freeman & Holland, St. Louis, Mo.

David I. Granger, Atty., Dept. of Justice, Washington, D. C., made argument for respondent and filed brief with Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Tax Division, Dept. of Justice, Washington, D. C.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

MATTHES, Circuit Judge.

The broad question presented in this review proceeding is whether the amount received by Edward C. Heard (hereinafter referred to as "taxpayer") under the Civil Service Retirement Act (Act) in excess of the amount contributed by him to the retirement fund is taxable income. The Commissioner ruled it was taxable and assessed a deficiency. The Tax Court upheld the deficiency assessment, 40 T.C. 7 (1963), and for reasons hereinafter stated, we affirm the Tax Court's decision.

Taxpayer Edward C. Heard and Cora L. Heard, husband and wife, filed a joint federal income tax return for the year 1958.

Taxpayer served in the armed forces of the United States from October 2, 1917, until about October 2, 1919. From on or about September 15, 1929, until on or about August 15, 1952, he was an employee in the classified civil service of the United States Government. Including military service prior to 1920 and classified civil service, his total service with the United States prior to his retirement on August 15, 1952, was 24 years, 10 months and 6 days.

Taxpayer, who reached the age of 62 on April 23, 1956, and who was entitled to benefits under the Act, elected—on or about August 15, 1952—to receive an annuity commencing on May 1, 1956. The annuity amounted to $181 per month, which was increased by law commencing August 1, 1958, to $199 per month. During the year 1958, taxpayer received payments under the Act totaling $2,244. During 1956 and 1957, the payments he received totaled $3,620.

Retirement deductions withheld from taxpayer's salary during his civilian service with the Federal Government totaled $3,639.01. No such deductions were withheld from his pay while he was in the military service.

Relevant to the issue before us are §§ 72 and 61(a) of the Internal Revenue Code of 1954.

The pertinent part of § 72 reads as follows:

"(a) *General rule for annuities.*—

"Except as otherwise provided in this chapter, gross income includes any amount received as an annuity (whether for a period certain or during one or more lives) under an annuity, endowment, or life insurance contract.

\* \* \* \* \* \*

"(d) *Employees' annuities.*—

"(1) Employee's contributions recoverable in 3 years,—Where—

"(A) part of the consideration for an annuity, endowment, or life insurance contract is contributed by the employer, and

"(B) during the 3-year period beginning on the date (whether or not before January 1, 1954) on which an amount is first received under the contract as an annuity, the aggregate amount receivable by the employee under the terms of the contract is equal to or greater than the consideration for the contract contributed by the employee,

then all amounts received as an annuity under the contract shall be excluded from gross income until there has been so excluded (under this paragraph and prior income tax laws) an amount equal to the consideration for the contract contributed by the employee. Thereafter all amounts so received under the contract shall be included in gross income."

Section 61 reads in pertinent part as follows:

"(a) *General definition.*—

"Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: \* \* \*

"(9) Annuities;"

Acting under § 72(d), supra, the Commissioner determined that the amounts received by taxpayer pursuant to the Act were annuities within the meaning of that Code provision, that $2,224.99 of the $2,244 received in 1958 was includable as gross income, and he accordingly assessed the deficiency.[1]

After discussion and consideration of taxpayer's contentions, the Tax Court concluded that:

"The petitioner's annuity is within the provisions of section 72(d).

---

1. As we have seen, taxpayer received benefits under the Act in 1956, 1957 and 1958 totaling $5,864 and made contributions to the fund totaling $3,639.01. The Commissioner based the deficiency assessment upon the amount received by taxpayer in 1958 in excess of the total amount contributed by him to the civil service fund.

During the three-year period beginning with the first payment the aggregate amount receivable by him was greater than the amount of his contributions to the retirement fund through withholding from his salary. These amounts were correctly excluded from his gross income until his contributions were recovered. Thereafter all the amounts he received should be included in gross income."

However, the Tax Court also dealt with the applicability of present § 61 of the 1954 Code, supra, in this language:

"The petitioner contends that the Congress did not intend to tax civil service retirement annuities. There is no indication in the original Retirement Act, which was enacted in 1920, that such was the intent. The Revenue Act of 1918, 40 Stat. 1057, then in effect, defined gross income as 'gain or profits and income derived from any source whatever.' Sec. 213(a). The courts have construed the taxing acts as applying to all gains except those specifically exempted."

Basically, taxpayer contends that § 72 of the 1954 Internal Revenue Code applies only to annuities under "an annuity, endowment, or life insurance *contract*"; that the amount in question received by taxpayer under the Act is a gratuitous pension and not an annuity paid pursuant to a *contractual* obligation within the meaning of § 72; that "section 72 does fully cover the annuities taxable as income, and unless an annuity or pension is within the provisions of that section, it ought not to be deemed income at all;" that Social Security benefits are exempt from income tax, and no difference between such benefits and the benefits here involved justifies a discriminatory treatment between the two retirement programs; and that neither Social Security nor civil service benefits measure or can be considered to be "income taxable under

*section 61* of the Internal Revenue Code or the Sixteenth Amendment to the Constitution."

In our view, taxpayer's contention that the amount received by taxpayer over and above his contributions represents a non-taxable gift from the Government is wholly untenable.[2]

The Supreme Court has announced that a non-taxable gift within the meaning of the Code proceeds from detached and disinterested generosity, from affection, respect, admiration, charity or similar impulses. Commissioner v. Duberstein, 363 U.S. 278, 285, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). Taxpayer, however, argues that the amounts here in controversy—even if paid pursuant to both legal and moral obligation—are "nevertheless 'gifts' in the sense that they are not income."

The language of the Act (see 5 U.S.C.A. §§ 691 et seq., now 5 U.S.C.A. §§ 2251–2268) in its entirety completely refutes the assertion that retirement benefits paid thereunder proceed from dominantly a gratuitous intent, or can—for income tax purposes—be in any sense considered as gifts. The Act specifically denominates the benefits as "an annuity;" participation in the retirement program is compulsory for most civilian Government employees; the retirement fund—from which the annuities are paid—consist basically of automatic deductions from the salaries of all participating employees and of regular appropriations by the Government; the point of time when an employee becomes entitled to his annuity depends upon his age, or date of disability, and upon his length of service; and the amount to which the employee is entitled is primarily based upon his salary and duration of service.

Additionally, the legislative history of the Act indicates that Congress was in large measure concerned with obtaining benefits for the Government through the creation of a more efficient civil service. Among such desired benefits was the

---

2. Under § 102 of the Internal Revenue Code of 1954, "Gross income does not include the value of property acquired by gift * * *."

hope of placing federal employment on a comparable, competitive level with private employment. Civil service benefits are " * * * obviously not mere gratuities * * *. Rather, the Government in its role of employer has, like many other employers today, set up a retirement plan under which both the employees and the employer contribute." United States v. Price, 4 Cir., 288 F.2d 448, 450–451 (1961), affirming, E.D.Va., 179 F.Supp. 309 (1959). See also, Dismuke v. United States, 297 U.S. 167, 170, 56 S.Ct. 400, 80 L.Ed. 561 (1936).

 Gross income is defined very broadly by § 22(a) of the 1939 Code and by § 61(a) of the 1954 Code, and includes all income from whatever source derived. Haberman Farms, Inc. v. United States, 8 Cir., 305 F.2d 787, 790 (1962); Schoenberg v. C. I. R., 8 Cir., 302 F.2d 416, 418 (1962). Courts have repeatedly held that through this sweeping language, Congress intended to "tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429–430, 75 S.Ct. 473, 475–476, 99 L.Ed. 483 (1955); United Grocers, Ltd. v. United States, 9 Cir., 308 F.2d 634, 637 (1962); Simpson v. United States, 7 Cir., 261 F.2d 497, 500 (1958), cert. denied, 359 U.S. 944, 79 S.Ct. 724, 3 L.Ed.2d 677 (1959). And the exemptions provided for should be construed with restraint in accordance with the Congressional purpose to tax income comprehensively. Commissioner v. Jacobson, 336 U.S. 28, 49, 69 S.Ct. 358, 93 L.Ed. 477 (1949); Omaha Public Power District v. O'Malley, 8 Cir., 232 F.2d 805, 809 (1956), cert. denied, 352 U.S. 837, 77 S.Ct. 57, 1 L.Ed.2d 55 (1956); Simpson v. United States, supra, 261 F.2d at 500.

The only exemption that could possibly have application here is the gift exemption—taxpayer cites no other specific provision, and as previously shown, in our view the controverted annuity re-ceived by taxpayer pursuant to the Act cannot in any sense be considered as a gift. See and compare, Commissioner v. LoBue, 351 U.S. 243, 246, 76 S.Ct. 800, 100 L.Ed. 1142 (1956).

Moreover, since shortly after enactment of the civil service retirement program—similar to the present system, various administrative rulings, decisions, and regulations have consistently held that civil service retirement annuities are taxable under the general provision defining gross income (presently, § 61), and—more recently, have held that such annuities are taxable within the contemplation of § 72 of the 1954 Code.[3]

 Examination of the history of the Code provisions dealing with annuities reveals that they have periodically been reenacted with various modifications since the Commissioner first ruled that civil service benefits were taxable; that complete or partial exemption of such benefits has been urged upon Congress; and that despite knowledge of the Commissioner's rulings and regulations and despite efforts by exemption proponents, Congress has failed to grant such an exemption as is here contended for by taxpayer. If Congress had been dissatisfied with the rulings and regulations—administrative interpretations which under the circumstances here should be accorded considerable weight, it had sufficient time and opportunity to take action. Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948); Iverson's Estate v. Commissioner, 8 Cir., 255 F.2d 1, 3 (1958), cert. denied, 358 U.S. 893, 79 S.Ct. 154, 3 L.Ed.2d 120 (1958); United States v. Stowe-Woodward, Inc., 1 Cir., 306 F.2d 678, 680–681 (1962), cert. denied, 371 U.S. 949, 83 S.Ct. 503, 9 L.Ed. 2d 498 (1963). "This bespeaks congressional approval" of the Commissioner's tax treatment of the annuities. Corn Products Refining Co. v. Commissioner,

---

3. See and compare, T.D. 3112, 4 Cum.Bull. 76 (1921); I.T. 2984, XV-1 Cum.Bull. 87 (1936); T.D. 5208, 1943 Cum.Bull. 65; Treas.Reg. 111 (1939 Code), § 29.22(b) (2)-2; Treas.Reg. 118 (1939 Code), § 39.22(b) (2)-2(a) (1); Treas.Reg. on Income Tax (1954 Code), § 1.61–11; Treas. Reg. on Income Tax (1954 Code), § 1.-72–2(a) (3) (iii) and (iv).

350 U.S. 46, 53, 76 S.Ct. 20, 100 L.Ed. 29 (1955); F. Strauss & Son, Inc., of Ark. v. Commissioner, 8 Cir., 251 F.2d 724 (1958), affirmed sub nom., Cammarano v. United States, 358 U.S. 498, 79 S.Ct. 524, 3 L.Ed.2d 462 (1959); Miller v. Commissioner, 4 Cir., 144 F.2d 287, 289–290 (1944).

■ Although—as previously noted—Congress did not give complete tax exemption to civil service annuities, in enacting § 37 of the 1954 Code, 26 U.S.C.A. § 37, it did allow a certain "credit" for such benefits. Section 37 was enacted partially in response to urging by various proponents of complete exemption for civil service annuities. Testimony before Congressional committees by such proponents clearly indicates that civil service benefits were not then exempt. In 1953, before a House Hearing on General Revenue Revision, the President of the Retirement Federation of Civil Service Employees of the United States Government, stated in part:

"We want to go on record as endorsing the general principle of *removing* taxes from annuities of employees who are living on annuities, to extend the same benefits that are given under the social security and railroad retirement." (Emphasis supplied).[4]

And it is equally certain that Congress—in enacting § 37—intended a *partial* adjustment, but not the complete exemption here asserted by taxpayer. In reporting their recommendations, the committees to which the bill that became § 37 was referred in both the House and the Senate stated, in effect:

"Under existing law benefits payable under the social-security program and certain other retirement programs of the Federal Govern-

ment are exempt from income tax. Your committee believes that the tax-exempt status of such benefits discriminates against persons receiving retirement pensions under other publicly administered programs * * *. Your committee has sought to adjust this differential tax treatment by extending a *limited* exemption, by means of a tax credit, to all forms of retirement income." (Emphasis supplied).[5]

■ But taxpayer argues that § 37 does not "eliminate discrimination between recipients of social security benefits and recipients of civil service benefits if the latter are taxable income," and that such discrimination is repugnant to the Fifth Amendment to the Constitution. This contention is without merit, for the tax treatment distinction complained of here is not arbitrary or capricious. See and compare, Barclay & Company v. Edwards, 267 U.S. 442, 450, 45 S.Ct. 135, 348, 69 L.Ed. 703 (1924); Foley Securities Corp. v. Commissioner, 8 Cir., 106 F.2d 731, 735–736 (1939).

Furthermore, the Tax Court has held that similar payments under other retirement programs are taxable income to the recipients. Brittelle v. Commissioner, 32 T.C. 1332 (1959) (public school teacher's annuity as provided for by Wisconsin statute); Curtis v. Commissioner, 8 T.C. 266 (1947) (widow's pension from policemen and firemen's relief fund, Washington, D. C.). Compare also, Goethals v. United States, 137 Ct.Cl. 351, 147 F.Supp. 757 (1957) (army officer's retirement pay).

Additionally, the Government claims, and the Tax Court found, that § 72 of the 1954 Code applies to the civil service annuity here in controversy. Taxpay-

---

4. 3 House Hearings on General Revenue Revision (1953), pp. 1979–1980 (see also pp. 1959–1963, 1966–1971, 1971–1973). Additionally, see 1 Senate Hearings on the Internal Revenue Code of 1954, pp. 241, 639; 2 Senate Hearings on the Internal Revenue Code of 1954, pp. 774–777, 779–780; 4 Senate Hearings on the Internal Revenue Code of 1954, pp. 2139–2141, 2272–2273, 2274.

5. H.Rep.No.1337, 83 Cong., 2d Sess., pp. 7–8, A16–A17 (3 U.S.C. Cong. & Adm. News (1954) 4017, 4032, 4152–4153); S. Rep.No.1622, 83 Cong. 2d Sess., pp. 8–9, 165–166 (3 U.S.C. Cong. & Adm.News (1954) 4621, 4637, 4799–4801).

er—as noted—contends that § 72 applies only to annuity *contracts* and that civil service retirement annuities are not paid pursuant to contract, citing Dismuke v. United States, supra, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561. Since we have demonstrated and determined that the annuity is taxable under § 61(a), the applicability of § 72 under the facts of this case need not be explored nor decided. For whether or not § 72 applies, the result is the same—i. e., the amount received under the Act in excess of the amount contributed to the retirement program by taxpayer is taxable income.

Affirmed.