DAVID B. AND YUN D. BARR, PETITIONERS *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 4576–67.    Filed February 3, 1969.

David B. Barr, pro se.
*Jeffrey E. Boly,* for the respondent.

SIMPSON, *Judge:* The respondent determined a deficiency in the
petitioners' income tax for the calendar year 1965 in the amount of
$95.69. The question for decision is whether the petitioners were en-
titled to a dependency deduction for a child whom they supported but
who during the taxable year was not a citizen of the United States.
resided in Korea, and did not make his home with them.

### OPINION

All of the facts have been stipulated, and those facts are so found.

The petitioners David B. Barr and Yun D. Barr are husband and
wife, whose residence was Sunnyvale, Calif., at the time the petition
was filed in this case. They filed a joint Federal income tax return
for the taxable year 1965 with the district director of internal revenue,
San Francisco, Calif.

David B. Barr was born in, and is a citizen of, the United States.
Yun D. Barr was born in Korea. She was married to Mr. Barr in Ko-
rea and came to the United States in 1959. Since coming to the United
States, she has applied for naturalization but has not yet been
naturalized.

It has been stipulated that Nak Man Koo is the son of Mrs. Barr
by a former marriage, and was born in Seoul, Korea, on September 9,
1951. It has also been stipulated that there is no father of record
shown on Nak Man Koo's birth certificate, and that it is therefore
impossible to establish the citizenship of Nak Man Koo's natural
father.

Nak Man Koo lived in Korea at all times prior to his entry into
the United States at Honolulu, Hawaii, on February 10, 1966. From
1959 until 1966, he lived with the petitioners' relatives in Korea.
On December 30, 1965, the United States Embassy in Seoul informed

the petitioners that an examining physician had found Nak Man Koo to be suffering from tuberculosis. Under section 212(a)(6) of the Immigration and Nationality Act, as amended, 8 U.S.C. sec. 1182(a)(6), those found by the U.S. Public Health Service to be suffering from tuberculosis are ineligible to receive a visa. However, Nak Man Koo, as the stepson of an American citizen, qualified for a waiver of medical ineligibility, and obtained a visa in 1966. This visa states that as of November 25, 1965, he was a national of the Republic of Korea.

During the year 1965, the petitioners sent funds to Nak Man Koo in Korea and it was stipulated that they thereby provided over one-half of his total support. The petitioners claimed a dependency deduction for Nak Man Koo for that year, but it was disallowed by the respondent on the ground that Nak Man Koo was not the petitioners' dependent under section 151 of the Internal Revenue Code of 1954 [1] for that year, by reason of section 152(b)(3).

Under section 152(b)(3),[2] the term "dependent" does not include an individual unless he is a citizen of the United States, a resident of the United States or certain other countries, or makes his principal place of abode in the home of the taxpayer. The respondent argues that the petitioners are not entitled to a dependency deduction for Nak Man Koo because in 1965 he was not a citizen of the United States, did not reside in the United States, and did not make his home with the petitioners. In their petition, the petitioners contested this determination, but on brief, they have abandoned their argument that Nak Man Koo was a citizen, terming the facts concerning this point "inconclusive." On the record before us, we cannot find that Nak Man Koo was a citizen—he was not born in the United States or its possessions; his mother was not and is not a citizen; the nationality of his natural father  is now known; and he was not naturalized as a citizen in or prior to 1965. 8 U.S.C. sec. 1401, 1402. Since Nak Man Koo does not meet the citizenship or residency requirements of section

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

[2] SEC. 152. DEPENDENT DEFINED.

(b) RULES RELATING TO GENERAL DEFINITION.—For purposes of this section—

\* \* \* \* \* \* \*

(3) The term "dependent" does not include any individual who is not a citizen of the United States unless such individual is a resident of the United States, of a country contiguous to the United States, of the Canal Zone, or of the Republic of Panama. The preceding sentence shall not exclude from the definition of "dependent" any child of the taxpayer—

(A) born to him, or legally adopted by him, in the Philippine Islands before January 1, 1956, if the child is a resident of the Republic of the Philippines, and if the taxpayer was a member of the Armed Forces of the United States at the time the child was born to him or legally adopted by him, or

(B) legally adopted by him, if, for the taxable year of the taxpayer, the child has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, and if the taxpayer is a citizen of the United States.

152(b)(3), that provision prevents him from being treated as a "dependent" for purposes of the Federal income tax.

The petitioners argue that the statute is unconstitutional in that it unjustly discriminates against them, depriving them of property without due process of law, and constitutes a bill of attainder. These claims are without merit. As to the discrimination argument, "the power of Congress in levying taxes is very wide, and where a classification is made of taxpayers that is reasonable, and not merely arbitrary and capricious, the Fifth Amendment can not apply." *Barclay & Co.* v. *Edwards*, 267 U.S. 442, 450 (1924) ; cf. *Heard* v. *Commissioner*, 326 F. 2d 962, 967 (C.A. 8, 1964), certiorari denied 377 U.S. 978 (1964). The restrictions on the dependency deduction now appearing in section 152(b)(3) first became a part of the law in 1944. Before that time, dependency deductions were allowed without regard to the citizenship and residency of the dependent. However, in 1944, Congress became convinced that dependency deductions were being claimed in questionable situations. It was impracticable for the Internal Revenue Service to investigate all these claims. As a result of this situation, Congress adopted restrictions similar to those now appearing in section 152(b)(3). Since that time, the restrictions have been modified from time to time to liberalize them, but the basic rule has remained unchanged.

Though the restrictions of section 152(b)(3) may appear to the petitioners to be unjust in denying them a deduction for their child, we cannot say that the statute is unreasonable and arbitrary in imposing the citizenship and residency requirements for allowing the dependency deduction. It is easy to imagine many situations in which taxpayers in the United States furnish some support for children living abroad. In some such situations, it would be impossible for the Internal Revenue Service to ascertain the total support of such children, as for example, when the children are living in a country with which our relationships are not amicable. In even more situations, although not impossible, it would be impracticable for the Internal Revenue Service to confirm the validity of the claimed support. Under these circumstances, the statutory restrictions may be the only practicable answer to the problem—surely, we cannot say that they are without reason.

The petitioners' argument that section 152(b) constitutes a bill of attainder apparently proceeds from the assumption that in the past (prior to 1944) the Internal Revenue Code contained no similar provision. However, a bill of attainder is "A legislative act, directed against a designated person, pronouncing him guilty of an alleged crime, (usually treason,) without trial or conviction according to the

recognized rules of procedure, and passing sentence of death and attainder upon him." Black's Law Dictionary (4th ed. 1951). Although the World War II tax measures resulted in increased tax burdens to many taxpayers, they did not measure up to the strict standards of this definition.

There are no grounds on which to consider section 152(b)(3) unconstitutional.

*Decision will be entered for the respondent.*