EMILIO SCHINASI, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4468–68.   Filed December 8, 1969.

Emilio Schinasi, pro se.
*Richard M. Kates*, for the respondent.

OPINION

SIMPSON, *Judge:* The respondent determined a deficiency of $203.72 in the petitioner's income tax for the taxable year 1966. The issue for decision is whether section 6013(a)(1) of the Internal Revenue Code

of 1954 [1] violates the due process clause of the fifth amendment to the Constitution. Such section provides that a joint return cannot be filed by an individual who was a nonresident alien for any part of the taxable year.

All the facts have been stipulated, and those facts are so found.

The petitioner is an individual who resided in Chicago, Ill., at the time the petition was filed in this case. His income tax return for the calendar year 1966 was filed with the district director of internal revenue in Chicago, Ill.

The petitioner was married to Matilde Schinasi in Israel on March 15, 1966, and she entered the United States on April 13 that same year. Prior to April 13, 1966, Matilde Schinasi was a nonresident alien.

The petitioner filed an income tax return for the year 1966, which he treated as a joint return with his wife. The respondent determined that the petitioner and his wife were not entitled to file a joint return for 1966, and the tax was recomputed on the basis of a separate return of a married individual in which a personal exemption is allowed for his wife.

Section 6013(a)(1) provides that "no joint return shall be made if either the husband or wife at any time during the taxable year is a nonresident alien." There is no dispute as to the facts, nor as to what the law states. The words of section 6013(a)(1) are not ambiguous, and there is no doubt as to the intent of Congress. It is clear that section 6013(a)(1) is applicable in this case. *Joyce de la Begassiere*, 31 T.C. 1031 (1959), affirmed per curiam 272 F. 2d 709 (C.A. 5, 1959); *Matthew Klaas*, 36 T.C. 239 (1961). However, the petitioner argues that such provision is unconstitutional because it discriminates against married couples of which one member was a nonresident alien for part of the taxable year. He complains of "unequal taxation" for the "new immigrants."

By his argument, the petitioner has raised an issue as to whether section 6013(a)(1) violates the due process clause of the fifth amendment to the Constitution. In *David B. Barr*, 51 T.C. 693 (1969), the taxpayer alleged that a different section of the Internal Revenue Code [2] was discriminatory and violative of the due process clause of the fifth amendment because it made distinctions on the basis of residency and citizenship. We rejected this allegation, citing at 695 the words of the Supreme Court:

---

[1] All statutory references are to the Internal Revenue Code of 1954.

[2] Sec. 152(b)(3) prohibits a taxpayer from claiming as a dependent any individual who is not a citizen of the United States, who is not a resident of the United States or certain other countries, or who does not make his principal place of abode in the home of the taxpayer.

"the power of Congress in levying taxes is very wide, and where a classification is made of taxpayers that is reasonable, and not merely arbitrary and capricious, the Fifth Amendment can not apply." *Barclay & Co.* v. *Edwards*, 267 U.S. 442, 450 (1924) ; * * *

In connection with the enactment of the predecessor of section 6013(a)(1), the Report of the Ways and Means Committee stated:

Since nonresident aliens are taxed upon a different basis from residents, it is impossible to compute an aggregate income for the purposes of a joint return if either spouse is a nonresident alien for any portion of the taxable year. * * * [H. Rept. No. 1860, 75th Cong., 3d Sess. (1938), 1939-1 C.B. (Part 2) 749.]

Thus, Congress thought that because the income of a citizen or resident is taxed differently from the income of a nonresident alien (sec. 1.1-1(b), Income Tax Regs.), a citizen or resident should not be allowed to file a joint return with one who has been a nonresident alien for part of the taxable year. We need not decide whether the different tax treatment of nonresident aliens required such a rule; our sole question is whether such difference provides a reasonable basis for denying the privilege of filing joint returns when one of the spouses has been a nonresident alien for part of the taxable year. *William E. Palmer*, 52 T.C. 310 (1969) ; *Muriel Dodge Neeman*, 26 T.C. 864, 868 (1956), affirmed per curiam 255 F. 2d 841 (C.A. 2, 1958), certiorari denied 358 U.S. 841 (1958). It seems clear that the different tax treatment of nonresident aliens would raise problems if one of them filed a joint return with a citizen or resident, and although those problems might have been resolved in some other manner, we cannot say that Congress was arbitrary in concluding that because of such problems a joint return should not be filed by one who has been a nonresident alien for part of the taxable year.

The petitioner fails to take into consideration the difference in the tax treatment of a nonresident alien and a U.S. citizen or resident who travels abroad. The difference in their tax treatment justifies Congress in allowing citizens to file joint returns, even though one of them is outside the United States during part of the year, and withholding a similar privilege from married couples one of whom was a nonresident alien during part of the year.

For these reasons, we hold that section 6013(a)(1) is valid and that the respondent correctly determined that the petitioner and his wife could not file a joint return for 1966.

*Decision will be entered for the respondent.*