JAN J. WEXLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wexler v. Commissioner
Docket Nos. 1919-73, 8834-73.
United States Tax Court
T.C. Memo 1974-113; 1974 Tax Ct. Memo LEXIS 205; 33 T.C.M. (CCH) 560; T.C.M. (RIA) 74113; May 6, 1974, Filed. *205 The father and stepmother of petitioner were residents of Israel and were not citizens of the United States. Petitioner provided them with support. Held, sec. 152(b) (3), I.R.C. 1954, is neither arbitrary nor unreasonable, and petitioner is not entitled to claim his father and stepmother as dependents. David B. Barr, 51 T.C. 693 (1969), followed. Jan J. Wexler, pro se. Patrick R. McKenzie, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The respondent determined deficiencies in the Federal income taxes of the petitioner of $1,802.38 for the year 1971 and $1,336.62 for the year 1972. Certain issues have been conceded by the petitioner, and the issue remaining for decision is whether section 152(b) (3) of the Internal Revenue Code of 1954, [1] arbitrarily and unreasonably excludes from *207 the term "dependent" individuals who are not citizens or nationals of the United States, or who are not residents of countries contiguous to the United States, the Canal Zone, or the Republic of Panama. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner was a resident of Inkster, Michigan, at the time his petitions were filed in this case. The petitioner emigrated from Romania to Israel in 1961, and in 1964, his father and stepmother followed him to Israel. Prior to their arrival, the petitioner left Israel, and during the years at issue, he resided in the United States. The father and stepmother of the petitioner have remained in Israel and were, at all times relevant, citizens of that country. At no time were they citizens of the United States. The petitioner's father and stepmother were required to leave all their possessions in Romania as a condition of their departure. Although they arrived in Israel virtually penniless, they received money and home furnishings which the petitioner left in Israel for them. In 1971, the petitioner *208 mailed 12 money orders to his father, each in the amount of $75, and in 1972, he also mailed 12 money orders to his father, each in the amount of $80. In addition, in each of such years, the petitioner sent his father cash and clothing. At trial, he estimated that the money orders, cash, and clothing amounted to $1,500 in the aggregate for each year. The only other support received by his father and stepmother during the years in issue was in the form of a monthly check, in the approximate amount of $59, from a social agency of the Israeli government. In his Federal income tax returns for the years 1971 and 1972, the petitioner claimed his father and stepmother as dependents for purposes of the deduction provided by section 151 and calculated his tax in accordance with the rate for an unmarried head of household. In his notice of deficiency, the respondent determined that the petitioner's father and stepmother were not dependents of petitioner and that the tax rate for an unmarried head of household did not apply. OPINION Section 151(a) allows an individual a deduction for personal exemptions, and section 151(e) provides an exemption for each dependent as defined in section *209 152 who meets certain criteria. Section 2(b) provides that an individual is considered to be a head of a household if, along with certain other conditions not at issue, he maintains a household which constitutes the principal place of abode of his father or mother and if he is entitled to a deduction for that person under section 151. Section 152(a) defines the term "dependent," and includes an individual's father and stepmother. However, section 152(b) (3), as applicable in 1971, provided, in part: (3) The term "dependent" does not include any individual who is not a citizen of the United States unless such individual is a resident of the United States, of a country contiguous to the United States, of the Canal Zone, or of the Republic of Panama. * * * [2]
The petitioner argued that, but for section 152(b) *210 (3), he is entitled to a deduction for his father and stepmother. He contended that such section is unconstitutional because it discriminates against certain taxpayers on the basis of their national origin. He argued that there is no justification for allowing a dependency deduction with respect to a dependent residing in Canada and Mexico and denying such a deduction merely because another dependent resides in Israel. He urges that he is being discriminated against because he comes from Israel and Romania, and not Canada and Mexico. We have considered the petitioner's contention, and although we respect his point of view, we are of the opinion that section 152(b) (3) is constitutional. The gravamen of the petitioner's argument is that section 152(b) (3) constitutes a classification without any reasonable basis and consequently violates the due process clause of the Fifth Amendment. However, an act of Congress is not to be lightly set aside, and doubts concerning its validity must be resolved in its favor. Nicol v. Ames, 173 U.S. 509, 514-515 (1899); John A. Bayless, 61 T.C. 394 (1973); Abraham J. Muste, 35 T.C. 913, 918 (1961). The power *211 of Congress to levy taxes is wide and where a classification of taxpayers is reasonable - and not arbitrary and capricious, such classification is not to be stricken down on the basis of the Fifth Amendment. Barclay & Co. v. Edwards, 267 U.S. 442, 450 (1924); David B. Barr, 51 T.C. 693, 695 (1969). In Barr, the petitioner raised the same arguments concerning the validity of section 152(b) (3), and we found that such section did not establish a classification that was arbitrary and unreasonable. There, we pointed out that prior to the enactment of the predecessor of section 152(b) (3), dependency deductions were being claimed in doubtful situations and that it was impossible or impracticable to examine the claims when the alleged dependents were neither citizens nor residents of the United States. Congress enacted the predecessor of section 152(b) (3) in order to facilitate the administration of the law by restricting the individuals with respect to whom a dependency deduction could be claimed. David B. Barr, supra at 695. The petitioner has not been singled out for denial of the dependency deduction. The effect of section 152(b) (3) would *212 likewise generally deny a deduction for a dependent who is not a citizen of the United States, if the dependent resided anywhere in Europe, Asia, Africa, or South America. For its own reasons, Congress decided to allow the deduction with respect to dependents who otherwise meet the requirements and who resided in certain adjoining countries or other countries with respect to which the United States had close ties. It is easy to imagine why Congress chose to allow a dependency deduction with respect to such residents, and it does not follow that because Congress extended the deduction to such residents, it could not deny the deduction with respect to other residents throughout the world. In our judgment, Congress had adequate reason for drawing the line where it did, and we continue to hold that section 152(b) (3) is constitutional. Accordingly, the petitioner may not treat his father and stepmother as dependents for purposes of section 2(b) and section 151. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. ↩
2. For taxable years beginning after Dec. 31, 1971, sec. 152(b) (3)↩ was amended to remove nationals of the United States from the exception to the definition of dependent, along with citizens of the United States and residents of the specified countries. Act of Oct. 27, 1972, Pub. L. 92-580, 86 Stat. 1276. The amendment does not affect the decision in this case.