DAVID S. FERGUSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferguson v. Commissioner
Docket No. 1395-75.
United States Tax Court
T.C. Memo 1976-144; 1976 Tax Ct. Memo LEXIS 261; 35 T.C.M. (CCH) 655; T.C.M. (RIA) 760144; May 6, 1976, filed David S. Ferguson, pro se. William S. Saul, for the respondent. RAUM
*262 MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a $1,575 deficiency in petitioner's 1972 income tax. Mutual concessions have eliminated all controversy in respect of adjustments made by the Commissioner, and there remains in issue solely the question whether petitioner was entitled to have his tax computed at joint return rates. The facts have been stipulated. Petitioner, an airline pilot, resided in the State of Hawaii when the petition was filed in this case. From November, 1968, until April, 1972, he was employed as a pilot for Japan Air Lines and resided in Japan. On April 22, 1971, he married a Japanese national. (Although the stipulation does not explicitly so state, it appears that petitioner was and is a citizen of the United States.) On May 1, 1972, petitioner and his wife moved to Hawaii. On his 1972 return petitioner intended to claim head of household status and computed his tax accordingly, although he had inadvertently checked the single filing status on the return. In the notice of deficiency the Commissioner computed the tax on the basis of a married person filing separately. There does not appear to be any support for the use of head *263 of household rates -- not only because petitioner failed to satisfy the requirement of section 2(b) of the 1954 Code that he be unmarried at the close of the taxable year, but also because his wife could not gualify as a dependent under section 152(a)(9), notwithstanding that he was entitled to claim a personal exemption deduction in respect of her. Petitioner does not now contend that he had the right to have his tax computed at head of household rates, but he does seek to have his tax determined at joint return rates. We hold that this cannot be done. Passing the difficulties occasioned by the fact that there did not appear to be any intention to file a joint return, it is clear under the Code that this option was not open to petitioner. Section 6013(a)(1) precludes the filing of a joint return if either spouse "at any time during the taxable year is a nonresident alien". And since petitioner's wife was a citizen of Japan residing in Japan during a portion of the taxable year, there appears to be no escape from the explicit provisions of section 6013(a)(1). Petitioner does not contend otherwise, but he urges us to declare these provisions unconstitutional. However, this *264 Court has already passed upon the matter in Emilio Schinasi,53 T.C. 382, and we know of no reason why that case should not be treated as dispositive of the present controversy. Although there may perhaps be some unfairness in the operation of the statute as applied to petitioner, it does not rise to the level of a constitutional defect. Decision will be entered under Rule 155.