TERESITA D. DU DE VOIRE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Du De Voire v. Commissioner
Docket No. 9515-76
United States Tax Court
T.C. Memo 1978-11; 1978 Tax Ct. Memo LEXIS 509; 37 T.C.M. (CCH) 40; T.C.M. (RIA) 780011; January 9, 1978, Filed Teresita D. Du De Voire, pro se. Virginia C. Schmid, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: The respondent determined a deficiency in the petitioner's income tax for the calendar year 1973 in the amount of $684. The sole issue for decision is whether the petitioner is entitled to dependency exemptions for her five children who during the taxable year were residents of the Philippines and not citizens of the United States. This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner Teresita D. Du De Voire resided in Chicago, Illinois, at the time the petition was filed in this case, and resided in Chicago when she timely filed her Federal income tax return for 1973. The petitioner, a resident alien, came to the United States from the Philippines in 1970, and has since that time continuously resided in the United States. In August 1973, petitioner married Dean Du De Voire, a United States citizen, and subsequently became a permanent resident *511 of the United States. As a result of a previous marriage to a Philippine citizen, Bernardo Arrozal, the petitioner has five children. The names and dates of birth of these children are as follows: Name
Date of Birth
Bernadette Arrozal
05/17/57
Jacqueline Arrozal
11/09/60
Arthur Arrozal
11/20/61
Armi Arrozal
08/27/63
Lizza Arrozal
07/24/65
The children were born in the Philippines, and resided there until 1974, at which time they came to the United States to live with their mother. During the year 1973, none of the children was a citizen, resident, or national of the United States, and the petitioner provided at least $300 per month for their support. On her Federal income tax return for 1973, petitioner claimed dependency exemptions for her five children. These exemptions were disallowed by the respondent on the ground that none of the petitioner's five children were dependents of petitioner during 1973 under section 151, [1] by reason of section 152(b)(3). Section 151(a) allows an individual *512 a deduction for personal exemptions, and section 151(e) provides an exemption for each dependent as defined in section 152 who meets certain criteria. Section 152(a) defines the term "dependent," and includes an individual's children. However, section 152(b)(3) [2] excludes from the term "dependent" (with some exceptions not here applicable) individuals who are not citizens or nationals of the United States, unless they are residents of the United States or certain other countries not including the Philippines. On the basis of the facts stipulated, the petitioner's children are individuals whose residence in the Philippines during 1973 prevents their being treated as dependents for purposes of the Federal income tax. *513 Petitioner asserts that the result dictated by section 152(b)(3) is "discriminatory and unjust." This Court has previously considered similar challenges to section 152 and sustained its validity. See Barr v. Commissioner,51 T.C. 693 (1969). See Also Wexler v. Commissioner,T.C. Memo. 1974-113, affd. 507 F. 2d 843 (6th Cir. 1974). In Barr, we found that section 152(b)(3) does not establish a classification that is arbitrary and unreasonable, and bence is not discriminatory. There, we explained that prior to the enactment in 1944 of the restrictions on the dependency deduction now generally appearing in section 152(b)(3), dependency deductions were being claimed in questionable situations. Since it was impossible or impracticable to examine the claims when the alleged dependents were neither citizens nor residents of the United States, the predecessor of section 152(b)(3) was enacted to facilitate the administration of the law by restricting the individuals with respect to whom a dependency deduction could be claimed. Barr v. Commissioner,supra at 695. Although the application of section 152(b)(3) in this *514 instance produces a harsh result, we hold that Barr v. Commissioner controls the disposition of this case. Therefore, Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. SEC. 152. DEPENDENT DEFINED (b) RULES RELATING TO GENERAL DEFINITION.--For purposes of this section-- * * *
(3) The term "dependent" does not include any individual who is not a citizen or national of the United States unless such individual is a resident of the United States, of a country contiguous to the United States, of the Canal Zone, or of the Republic of Panama. The preceding sentence shall not exclude from the definition of "dependent" any child of the taxpayer-- (A) born to him, or legally adopted by him, in the Philippine Islands before January 1, 1956, if the child is a resident of the Republic of the Philippines, and if the taxpayer was a member of the Armed Forces of the United States at the time the child was born to him or legally adopted by him, or (B) legally adopted by him, if, for the taxable year of the taxpayer, the child has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, and if the taxpayer is a citizen or national of the United States.↩