DAVID REICH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reich v. Commissioner
Docket No. 5357-76.
United States Tax Court
T.C. Memo 1978-169; 1978 Tax Ct. Memo LEXIS 347; 37 T.C.M. (CCH) 729; T.C.M. (RIA) 780169; May 4, 1978, Filed *347 Petitioner, a U.S. resident, was married to a nonresident alien during 1974. Petitioner filed a separate individual income tax return for that year. Held: Petitioner is precluded from deducting more than $500 on account of capital losses in excess of capital gains for 1974 (sec. 1211(b)(1) and (2)), even though he was forbidden by statute to file a joint return for that year (sec. 6013(a)(1)). Richard S. Kestenbaum, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge:* Respondent determined a deficiency of $56 in petitioner's 1974 income tax. Because of concessions by the parties, the only issue for decision is whether paragraphs (1) and (2) of section 1211(b)[1]preclude the petitioner from deducting more than $500 on account of capital losses (in excess of capital gains).
All of the facts have been stipulated, and the stipulation, together with the exhibits attached thereto, *348 is incorporated herein by this reference. United States; (2) petitioner was married; (3) petitioner's wife (who is not a United States citizen) resided separately from petitioner, in Toronto, Canada; and (4) petitioner's wife did not earn any money in the United States. The entire amount of the wages shown on petitioner's 1974 individual income tax return is attributable to the petitioner alone. Petitioner's 1974 individual income tax return was filed as the return of petitioner only, and was not filed as a joint return with his wife. Respondent maintains that, since petitioner was married as of the close f 1974 and filed a separate statute from deducting more than $500 of capital losses (in excess of capital gains). Petitioner points out that he was forbidden by statute from filing a joint return with this wife for income from the United States and filed no income tax return with the United States for 1974, he should not be subject to the special $500 limitation on capital loss deductions, but should be permitted to come under the general rule, allowing deductions for capital losses up to $1,000. We agree with respondent. effect for 1974, [2] provided as follows: exchanges of capital *349 assets shall be allowed only to the extent of the gains from such sales or exchanges, plus (if such losses exceed such gains) whichever of the following is smallest: (A) the taxable income for the taxable year, (B) $1,000, or (C) the sum of-- (i) the excess of the net short-term capital loss over the net long-term capital gain, and (ii) one-half of the excess of the net long-term capital loss over the net shortterm capital gain. (2) Married individuals.--In the case of a husband or wife who files a separate return, the amount specified in paragraph (1)(B) shall be $500 in lieu of $1,000. The Congress' stated rationale for the rule as to capital losses, as enacted in the Tax Reform Act of 1969, focussed on situations where the spouses were permitted to file joint returns (H. Rept. No. 91-413 *350 (Part 1), pp. 146-148, 1969-3 C.B. 292-293; S. Rept. 91-552, pp. 195-197, 1969-3 C.B. 547-548). However, the statutory language applies the $500 limit without regard to the reason for the failure to file a joint return. Since the petitioner filed a separate return for 1974, paragraphs (1) and (2) of section 1211(b) forbid him to deduct for 1974 more than $500 of capital losses (in excess of capital gains). Petitioner points out that, unlike those who file separate returns through choice, he is precluded by statute (sec. 6013(a)(1)) [3] *351 from filing a joint return with his wife. Petitioner's call for equity, that the statute should not punish him for filing a separate return when the statute requires him to file a separate return (see Schinasi v. Commissioner,53 T.C. 382 (1969)), was heard by the Congress. Section 1012(a)(1) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1612, amended section 6013 to permit a nonresident alien spouse to be treated as a resident if the other spouse is a citizen or resident of the United States. However, the provision applies only to taxable years ending on or after December 31, 1975. Section 1012(d) of the 1976 Act, 90 Stat. 1614. Since petitioner's taxable year before us is 1974, petitioner is not eligible for application of the 1976 Act relief provision to this case and we have no authority to grant this relief where the Congress has denied it. See S. Conf. Rept. 94-1236 (Tax Reform Act of 1976), p. 455, 1976-3 C.B. (vol. 3) 859. Decision will be entered for the respondent. Footnotes
*. By order dated April 4, 1978, the Chief Judge reassigned this case from Judge Charles R. Simpson to Judge Herbert L. Chabot for disposition. ↩
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. These provisions were subsequently amended by section 1401 of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1731, to increase the amount of the maximum allowable deduction for taxable years beginning after December 31, 1976. The Congress retained the provision limiting the deduction, in the case of a separate return by a husband or wife, to one-half of the maximum amount generally available.↩
3. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE.
(a) Joint Returns.--A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions, except as provided below: (1) no joint return shall be made if either the husband or wife at any time during the taxable year is a nonresident alien;↩