SHRI K. BHARGAVA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bhargava v. Commissioner
Docket No. 6318-75.
United States Tax Court
T.C. Memo 1978-197; 1978 Tax Ct. Memo LEXIS 313; 37 T.C.M. (CCH) 848; T.C.M. (RIA) 780197; May 31, 1978, Filed Shri K. Bhargava, pro se. Lewis R. Mandel, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $494.44 in petitioner's 1972 income tax. The case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. Petitioner was a resident of New York, New York, at the time the petition was filed herein. During the taxable year 1972, he was employed by the City of New York as a Junior Civil Engineer. The first question is whether petitioner must file his 1972 tax return as a married person filing separately. See. 1(d). [1] Petitioner's wife was not a citizen of the United States and did not reside in the United States at any time during 1972. Thus, she was a nonresident alien and petitioner is not entitled to file a joint return with her for that year. Sec. 6013(a). Petitioner argues that, at a minimum, a transitory *316 presence in the United States is required before a person is treated as a nonresident. The authorities cited by petitioner to support this contention indicate that an alien whose stay is limited to a definite period generally will be treated as a nonresident alien. See section 1.871-2(b), Income Tax Regs. "Some permanence of living within borders is necessary to establish residence." See de la Begassiere v. Commissioner,31 T.C. 1031, 1036 (1959), affd. per curiam 272 F.2d 709 (5th Cir. 1959). (Emphasis added.) There is no support for concluding that an alien who at all times during the taxable year is not a resident should be treated as other than a nonresident alien. See section 1.871-2(b), Income Tax Regs.
Nor is petitioner entitled to the benefits of section 6013(g), which permits the filing of a joint return if both spouses elect to be treated in accordance with its provisions. This subsection was added to the Code by section 1012(a)(1) of the Tax Reform Act of 1976 (Pub. L. 94-455, 90 Stat. 1612) and made effective only for taxable years ending on or after December 31, 1975 [2] (sec. 1012(d) of Pub. L. 94-455, 90 Stat. 1614). See also *317 Reich v. Commissioner,T.C. Memo. 1978-169. Petitioner is also not entitled to file as an unmarried head of household under section 1(b). To be sure, petitioner is treated as unmarried for the purposes of section 1(b) because his wife was a nonresident alien. See section 2(b)(2)(C). But, to qualify as a head of household, petitioner must "[maintain] as his home a household which constitutes for such taxable year the principal place of abode" of specified relatives. Section 2(b)(1). There is no evidence that petitioner satisfied this requirement. Indeed, the record affirmatively indicates that any home maintained by petitioner for his relatives was in India and not in the United States, where he resided throughout 1972. Since petitioner was married throughout 1972 and is not eligible to file his return on any other basis, he must file as a married individual filing separately. As a consequence, the *318 maximum standard deduction to which he is entitled for 1972 is $1,000. [3] Section 141(b).
Petitioner complains that this is a harsh result, which violates his due-process rights. This claim has been categorically rejected. Schinasi v. Commissioner,53 T.C. 382 (1969); Ferguson v. Commissioner,T.C. Memo. 1976-144. The same treatment obtains with respect to petitioner's claim that the result violates Articles 2 and 7 of the Universal Declaration of Human Rights, which, in essence, state that all people are entitled to equal protection of the laws. Even if a claim as to the applicability of that Declaration were well founded (compare Scheide v. Commissioner,65 T.C. 455 (1975), and Egnal v. Commissioner,65 T.C. 255 (1975)), the fact of the matter is that all individuals subject to tax who are married to nonresident aliens, whether citizens of the United *319 States or not, are treated in identical fashion. Consequently, petitioner is not being discriminated against based upon his national origin. Cf. Black v. Commissioner,69 T.C. 505 (1977). See also Peppiatt v. Commissioner,69 T.C. 848, 853 (1978), where we concluded that -- while the section 6013(a)(1) prohibition against joint returns with nonresident alien spouses may create some unfortunate burdens, the countervailing benefit accorded this class of taxpayers is also considerable. The second question presented is whether petitioner is entitled to deduct amounts claimed as travel expenses while away from home. We are satisfied that these expenses were incurred by petitioner in seeking new employment in his trade or business in Tallahassee, Florida. Primuth v. Commissioner,54 T.C. 374 (1970). However, except with respect to a mileage allowance, petitioner has failed to substantiate these expenditures. Section 274(d) provides that no deduction for traveling expenses is allowed unless the amount, time, and place of an expenditure is established "by adequate records or by sufficient evidence corroborating [the taxpayer's] *320 statement." Petitioner has introduced no evidence substantiating the claimed deduction. With respect to a mileage allowance, it is clear that petitioner drove an automobile from New York to Tallahassee (which the parties have stipulated is a distance of 1,159 miles). He is, therefore, relieved of the need for substantiation of this item and is entitled to a deduction in arriving at adjusted gross income (i.e., in addition to the standard deduction) at the rate of 12 cents per mile. [4] Section 62(2). See Rev. Rul. 77-16, 1977-3 I.R.B. 6; Rev. Proc. 70-25, 1970-2 C.B. 506. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year at issue.↩
2. The Senate bill upon which petitioner relies would have made the provision effective for all taxable years after 1971, but the Conference Committee incorporated the 1975 effective date. See S. Rept. No. 94-1236 (1976), 1976-3 (Vol. 3) C.B. 807, 859↩.
3. The record indicates that petitioner claimed a deduction for educational expenses, but there is no evidence that the amount thereof plus other deductions exceeded $1,000, so such expenses would, in any event, be encompassed within the standard deduction.↩
4. We note that petitioner's trip to Florida extended into 1973. Any expenses incurred after December 31, 1972, including the mileage allowance for the return trip, would not be deductible until the later year.↩