JOEL and CATHERINE A. ADELEKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adeleke v. Commissioner
Docket No. 7615-79.
United States Tax Court
T.C. Memo 1980-479; 1980 Tax Ct. Memo LEXIS 100; 41 T.C.M. (CCH) 267; T.C.M. (RIA) 80479; October 27, 1980, Filed George F. Saunders, for the petitioners. Robyn R. Jones, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency of $160 in petitioners' income tax for the year *101 1975. The issue for our decision is whether the requirements contained in sec. 152(b)(3) [1] are constitutional. FINDINGS OF FACT At the time the petition herein was filed, petitioners resided in El Dorado, Arkansas. During the year 1975, petitioners were resident aliens employed in the United States. Petitioners are nonwhite. In 1975, the mother of petitioner Catherine Adeleke was a citizen and resident of Nigeria. Catherine Adeleke's mother has never been a citizen or national of the United States. In 1975 the mother of Catherine Adeleke was not a resident of a country contiguous to the United States, the Canal Zone or the Republic of Panama. On their 1975 tax return petitioners claimed a personal exemption deduction for Catherine Adeleke's mother. OPINION Section 151 allows an exemption deduction for each dependent of the taxpayer as defined by section 152. Under section 152(a), the mother of a taxpayer qualifies as a dependent if the taxpayer provides over one-half of the support of his or her *102 mother for the taxable year. Section 152(b)(3), which limits the definition of a dependent, provided in pertinent part: The term "dependent" does not include any individual who is not a citizen or national of the United States unless such individual is a resident of the United States, of a country contiguous to the United States, of the Canal Zone, or of the Republic of Panama * * *. [2]
Since Catherine Adeleke's mother did not fall within the definition of "dependent," as limited by section 152(b)(3), respondent correctly disallowed petitioners' claim for a dependency exemption under section 151. Petitioners, however, argue that section 152(b)(3) is an arbitrary and capricious application of the taxing power in that it discriminates against them on the basis of race. Petitioners contend that the provisions of section 152(b)(3), as a practical matter, bestow nonresident dependent status exclusively on whites *103 and uniformly deny such to nonwhites. In petitioners' view, the residents of countries having black populations (such as Nigeria) have been made ineligible for dependency status as a result of this section. The constitutionality of section 152(b)(3) has been upheld on several occasions. Habeeb v. Commissioner,559 F.2d 435 (5th Cir. 1977), affg. T.C. Memo. 1976-259; Wexler v. Commissioner,507 F.2d 843 (6th Cir. 1974), affg. T.C. Memo. 1974-113; Barr v. Commissioner,51 T.C. 693 (1969).[3] The Fifth Amendment does not render a legislative classification unconstitutional unless it is unreasonable or capricious. Barclay & Co. v. Edwards,267 U.S. 442, 450 (1924). Here the underlying policy concern relates to the resulting administrative burden which would be imposed upon the IRS if it was required to ascertain taxpayers' claims for dependents no matter what country the dependents resided in. Habeeb at 438; Barr at 695. Petitioners' contention *104 that section 152(b)(3) is racially discriminative because it operates to exclude countries whose populations are predominantly black is without substance. Put simply, race is not the controlling factor in section 152(b)(3). Thus, caucasian citizens of European countries are similarly excluded from the dependency definition. The legislative classification at issue stems from notions of effective tax law administration and is no way attributable to racial concerns. Accordingly, we hold that section 152(b)(3) does not deny petitioners their equal protection and due process guarantees. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise specifically indicated.↩
2. P.L. 94-455, § 1901(a)(24), amended section 152(b)(3), effective for the taxable years beginning after December 31, 1976, to remove the references to the Canal Zone and the Republic of Panama contained in section 152(b)(3) as effective during the year in question.↩
3. See also Du De Voire v. Commissioner,T.C. Memo. 1978-11. Bakler v. Commissioner,T.C. Memo. 1974-134↩.