MACIEJ JAN PIKE-BIEGUNSKI and DENISE NADINE PIKE-BIEGUNSKA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Pike-Biegunski v. Commissioner
Docket No. 26835-82.
United States Tax Court
T.C. Memo 1984-288; 1984 Tax Ct. Memo LEXIS 385; 48 T.C.M. (CCH) 219; T.C.M. (RIA) 84288; May 31, 1984. Maciej Jan Pike-Biegunski and Denise Nadine Pike -Biegunska, pro se. Ina S. Weiner, for the respondent. PATE
MEMORANDUM FINDINGS OF FACT AND OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(c) and (d) of the Internal Revenue Code. [1] General *386 Order No. 8 (81 T.C. XXIII) (July, 1983) and Rules 180 and 181 Tax Court Rules of Practice and Procedure.[2]
On October 25, 1982, respondent mailed a notice determining deficiencies in petitioners' 1978 and 1979 Federal income taxes in the amounts of $324 and $481 respectively. [3] The only issue for decision is whether petitioner, Maciej Jan Pike-Biegunski, is entitled to dependency exemptions for his two children who were residents and citizens of Poland during the years in issue. Maciej Jan Pike-Biegunski (hereinafter referred to as "petitioner") is a Polish citizen who emigrated to the United States in July, 1978. During the years in issue he was a resident alien. Petitioner and his *387 wife, Denise Nadine Pike-Biegunska, resided in Camp Hill, Pennsylvania at the time of filing this petition. Petitioner timely filed his 1978 and 1979 Federal income tax returns. Petitioner married his present wife, Denise, in Poland in 1975. The couple's first child, a son, was born in 1977 while they were still residing in Poland. Since Denise was a United States citizen working in Poland, United States citizenship was conferred upon this child at birth. After emigrating to the United States, the couple had a second child, a daughter, born in 1980 in Edison, New Jersey. Dependency exemptions for these two children are not the subject of this dispute. Prior to his marriage to Denise, petitioner had been married to a Polish citizen. Two children resulted from this marriage, a daughter, Agata, born in 1963, and a son, Pawel, born a year later. These children were citizens of Poland and resided with their mother in Poland during the years in issue. Petitioner was required to deposit two hundred fifty five thousand Polish Zlotys with the Polish court to provide support for these children prior to his leaving Poland. Petitioner claimed these children as dependents for both *388 of the years in issue. Respondent disallowed the dependency exemptions on the grounds that neither Pawel and Agata met the citizenship or residency requirement set forth in section 152(b)(3) and, argues alternatively, that petitioner has not shown that he provided over one-half of their support during the years in issue. Section 152(b)(3) provides that: The term "dependent" does not include any individual who is not a citizen or national of the United States unless such individual is a resident of the United States or of a country contiguous to the United States. The regulations specify that the countries considered to be "contiguous to the United States" are the Canal Zone, the Republic of Panama, Canada and Mexico. Section 1.152-2(a)(1), Income Tax Regs. The term "national of the United States", is defined as a citizen of the United States or an individual who, though not a citizen, owes permanent allegiance to the United States. 8 U.S.C. 1101(a)(22) (1978). Since petitioner's children, Agata and Pawel, were both citizens and residents of Poland, they were not citizens, nationals, or residents of the United States, nor were they residents of countries *389 considered "contiguous to the United States." Therefore, they do not fall within the statutory definition of a dependent for federal income tax purposes. This Court has previously addressed the question of dependency exemptions for noncitizen children residing outside the United States or countries contiguous thereto. In Barr v. Commissioner,51 T.C. 693 (1969), the taxpayer-wife had a son from a prior marriage before marrying a United States citizen. She was a Korean citizen at the time of her son's birth and the child remained in Korea when his mother emigrated to the United States. Since there existed no father of record for the child, the Court concluded that child possessed Korean citizenship. Accordingly, the Court held that the child was excluded from the definition of dependent by section 152(b)(3). This Court has been affirmed in similar holdings. Habeeb v. Commissioner,559 F.2d 435 (5th Cir. 1977), affg. a Memorandum Opinion of this Court; Wexler v. Commissioner,507 F.2d 843 (6th Cir. 1974), affg. a Memorandum Opinion of this Court. [4]
*390 Petitioner asserts on brief that section 152(b)(3) violates the Fifth Amendment rights of his wife and his American children. As we explained in Barr v. Commissioner,supra at 695, what may appear to petitioners to be an unjust denial of exemption is not an unconstitutional deprivation of property without due process of law. Imposition of the citizenship and residency requirements are necessitated by practices reasons to facilitate the administration of the income tax laws. Hsu v. Commissioner,T.C. Memo. 1982-47. The power of Congress in levying taxes is very wide, and where a reasonable classification is made which is not arbitrary and capricious the Fifth Amendment does not apply. Barr v. Commissioner,supra.Section 152 provides a reasonable classification for dependency deductions. Labay v. Commissioner,55 T.C. 6, 14 (1970), aff'd on another issue, 450 F.2d 280 (5th Cir. 1971). Petitioner further argues that section 152(b)(3) "in effect states that fatherhood applies to the two children living in the U.S., but * * * does not apply to the two children living in Poland" and therefore, *391 "that brothers and sisters who live in different countries are no longer brothers and sisters." Petitioner cites various passages from the Final Act of the Conference on Security and Cooperation in Europe (the Helsinki Human Rights Accord) and the Madrid Conference on Security and Cooperation in Europe [hereinafter referred to collectively as the "Helsinki Accords"]. These documents deal with general concerns on human rights including promotion of family unification through visitation, marriage and the like regardless of geographical borders. Petitioner claims that section 152(b)(3) violates the principles set down in the Helsinki Accords because it interferes with his family relationships. We think his interpretation goes too far. The principles expressed in the Helsinki Accords go toward promoting family unity. Section 152(b)(3) has no effect on petitioner's parenting function, nor the "togetherness" of his family. Petitioner made his decision to leave his children in Poland without being influenced by the Internal Revenue Code.Further, section 152(b)(3) merely provides the requirements to be met before a deduction for exemptions may be taken into account to determine the *392 amount of tax to be paid by petitioner. It does not affect filial relationships or the attendant attributes of love, loyalty and the duty of support. Further, the principles laid down in the Helsinki Accords have no effect for Federal tax purposes. Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,U.S. 435 (1934); Labay v. Commissioner,supra.Congress has the power to condition, limit, or deny deductions in arriving at the net income it chooses to tax. Helvering v. Ind. Life Ins. Co.,292 U.S. 371 (1934); Labay v. Commissioner,supra.The Helinki Human Rights Accord and Madrid Conference on Security and Cooperation in Europe constitute nonbinding declarations, resolutions and statements of political intent. Digest of United States Practice in International Law, 1975, Department of State Publication 8865, P. 327. These documents do not rise to the level of treaties, yet even if they did, section 152 would have priority of enforcement unless the Congressional Act and the treaty are deemed to deal with the same subject in inconsistent terms and the treaty is deemed to be self-executing. *393 See, Moser v. United States,341 U.S. 41 (1951); Cook v. United States,288 U.S. 102 (1933). Since we have determined that petitioner's children Agata and Pawel do not come within the statutory requirements of section 152(b)(3), we find that no dependency exemptions are allowable for them. [5]
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All references to "Rules" are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. Petitioner executed a Form 872 in December 1981 extending, until December 31, 1982, the time for assessing his 1978 Federal income taxes. Consequently, we find that the notice of deficiency was issued within the statutory time period. See section 6501(c)(4).↩
4. Accord, Dumdeang v. Commissioner,T.C. Memo. 1983-533; Hsu v. Commissioner,T.C. Memo. 1982-47; Adeleke v. Commissioner,T.C. Memo. 1980-479; Du De Voire v. Commissioner,T.C. Memo. 1978-11; Josan v. Commissioner,T.C. Memo. 1974-144; Bakler v. Commissioner,T.C. Memo. 1974-134↩.
5. Since we have determined that respondent is correct in his denial under section 152, we need not address the alternate grounds presented.↩